JOHN FOWLER, Respondent, *v.* IRVING H. PALMER, Appellant.

In the absence of special circumstances calling for the interposition of a court of equity an action cannot be maintained to compel the surrender of a promissory note past due, upon the ground that it has been paid but not taken up.

(Argued June 23, 1875; decided September 21, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, in favor of plaintiff, entered upon an order affirming an order overruling a demurrer to the complaint.

The complaint alleged that in the month of April, 1869, plaintiff executed and delivered to Margaret Palmer his promissory note for $300, payable one day after date. That in May he paid said note to the payee but omitted to take up the same. That upon the death of the payee the note came into and still is in defendant's possession, who refuses to deliver up the same, but claims to hold it as legatee, and claims that it is unpaid, and plaintiff fears he will bring an action against him thereon, or will sell or dispose of it, when plaintiff may be unable to prove payment. Plaintiff asks judgment that defendant be required to

surrender the note to be canceled and that he be enjoined from bringing suit thereon or from selling or disposing of the same. Defendant demurred that the complaint did not state facts sufficient to constitute a cause of action.

*H. Ballard* for the appellant. There was no foundation for this action as plaintiff had a perfect remedy at law. (2 R. S., 398; *Allerton* v. *Belden*, 49 N. Y., 378; *Cox* v. *Clift*, 2 Comst., 118.) The note being past due, no sale of it could impair plaintiff's legal rights. (*Geer* v. *Kissam*, 3 Edw. Ch., 129; *Savage* v. *Allen*, 54 N. Y., 458; 2 Story's Eq., § 700; *Galusha* v. *Flour City Nat. Bk.*, 4 T. & C., 68; *Crane* v. *Bunnell*, 10 Paige, 333; *N. Y. Dry Dock Co.* v. *Am. L. Ins. Co.*, 11 id., 384; *Shepard* v. *Sanford*, 3 Barb. Ch., 127; *Mut. B. Ins. Co.* v. *Suprs. of N. Y.*, 32 How., 359; *Scott* v. *Onderdonk*, 14 N. Y., 13.)

*R. H. Duell* for the respondent. The complaint stated a good cause of action in equity. (Story's Eq., §§ 700, 705, 705 *a; McHenry* v. *Hazard*, 45 N. Y., 580; *Jarvis* v. *White*, 7 Ves., 413; *Hamilton* v. *Cummings*, 1 J. Ch., 517; *Wood* v. *Hubbell*, 5 Barb., 604; *Johnson* v. *Wetmore*, 12 id., 433; *Francin* v. *Joseph*, 3 Edw. Ch., 182; *Noah* v. *Webb*, 1 id., 608; *Gates* v. *Green*, 4 Paige, 355; *Allerton* v. *Belden*, 3 Lans., 492.)

*Per Curiam.* This action cannot be maintained in view of the decision of this court, in *Allerton* v. *Belden* (49 N. Y., 373), which was not reported when this case was decided at Special Term. The defence of payment was perfectly available to the plaintiff in an action upon the note, and no transfer could prejudice it. The plaintiff, under the provisions of the Revised Statutes, can perpetuate the testimony of witnesses, in anticipation of a suit on the note, and no special circumstances exist, as in the case of *McHenry* v. *Hazard* (45 N. Y., 580), which authorize the court to entertain an action for its cancellation and surrender.

The judgment of the General Term affirming the order of the Special Term should be reversed and judgment for the defendant given on the demurrer, with costs.

All concur; MILLER, J., not sitting.

Judgment accordingly.