THE GLOBE MUTUAL LIFE INSURANCE COMPANY, Appellant, *v.* ADDIE REALS et al., Respondents.

An action to procure the cancellation of a written instrument cannot be maintained, unless some special circumstance exists establishing the necessity of a resort to equity, to prevent an injury, which might be irreparable and which equity alone is competent to avert ; it is not suficient that a defense exists as against the instrument, or that evidence may be lost.

In an action to procure the cancellation of a policy of life insurance, the complaint alleged that the policy was obtained by fraud and conspiracy between plaintiff's agent and the insured ; that the premium was not paid in cash, as required by the policy, but by the note of the insured, and was delivered to the latter when he was sick, of which sickness the insured died.   The complaint also averred that plaintiff feared the holder of the policy would commence an action thereon, and by collusion with said agent obtain an appearance on its behalf, and from failure to answer, or to duly defend the action, obtain a judgment without plaintiff's knowledge, thus preventing plaintiff from presenting its defense, or that defendants would delay bringing an action until the evidence of fraud and conspiracy was lost.   The referee found that there was no fraud ; the other facts were found substantially as alleged in the complaint.   *Held*, that the complaint was properly dismissed.

(Argued November 26, 1879 ; decided December 9, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of defendants, entered upon the report of a referee.

This action was brought to procure the cancellation and surrender of a policy of life insurance, issued by plaintiff upon the life of James H. Reals, for the benefit of his wife and children, the defendants herein.

The complaint alleged in substance that said Reals, upon the solicitation of one Fowler, an agent of plaintiff, made application for the policy, which application contained a provision that the policy to be issued thereon should, under no circumstances, be in force until actual payment in money of the premium, and that no agent of the company has power to deliver the policy until such payment. That such application was forwarded to plaintiff and accepted. A policy was issued and sent to the agent containing a similar provision as to the payment of the first premium, with instructions to deliver on payment; that at the time of making the application Reals gave his note at thirty days for the first premium; that after the receipt by said agent of the policy, Reals notified him that he desired to rescind his application and would not accept the policy, and demanded his note, which Fowler refused to surrender; that soon after Reals was taken sick and sent for Fowler, and they conspired together to cheat and defraud plaintiff. In pursuance whereof Fowler delivered to Reals the policy, he retaining the note, all of which facts were concealed from plaintiff; that a few days thereafter, and before the maturity of the note, Reals died of such sickness, and the note was subsequently paid to Fowler; that immediately upon being advised of the facts plaintiff tendered back to defendant, Mrs. Reals, the amount paid and demanded the policy. The complaint also contained this clause:

"Tenth. And the plaintiff further shows that said policy is in the hands of said defendant, Addie Reals, and that it fears that said Addie Reals will commence an action against the plaintiff thereon, and by collusion with the defendant Fowler, the agent of this plaintiff, as hereinbefore set forth, obtain an appearance from some attorney in Syracuse or elsewhere, on behalf of this plaintiff, and from failure to

answer or otherwise duly defend the said action, that judg-ment will be entered against the plaintiff therein without the knowledge of the plaintiff, and the plaintiff will be prevented from presenting its defense upon the merits in the said action, and that the plaintiff will suffer great damage. Or that the defendants will delay bringing an action on said policy until the evidence of the fraud and conspiracy of defendants shall be lost to the plaintiff."

The referee found the facts as to the application for and delivery of the policy substantially as alleged in the complaint, save that he found the note was taken by said agent at his own risk by the consent and permission of plaintiff, and also that the evidence failed to show any conspiracy or fraud. As conclusions of law, he found that the prepayment of the premium was waived; that the charges of fraud not being established the policy was valid and binding, and thereupon directed a dismissal of the complaint.

*Fred. I. Small*, for appellant. A court of equity has power to compel the surrender and cancellation of the policy in this case. (*McHenry* v. *Hazard*, 45 N. Y., 581; *Globe* v. *Reals*, 48 How., 502; affirmed, 50 id., 237.) Payment of the premium in full was a condition precedent to the policy taking effect. (*Baker* v. *Union Ins. Co.*, 43 N. Y., 283; *Howell* v. *Knick. Co.*, 44 id., 276; *Rochner* v. *Knick. Co.*, 63 id., 164; *Mersereau* v. *Phœnix Co.*, 66 id., 274; *Walsh* v. *Niagara Co.*, 73 id., 5; *Thayer* v. *Agricultural Co.*, 5 Hun, 566; *Lee* v. *Guardian Co.*, 5 Bige., 18.) There could be no consummation of the contract until the payment was actually made. (May on Insurance, 57, 139; *Bently* v. *Columbia Co.*, 17 N. Y., 424; *Foot* v. *Ætna L. Ins. Co.*, 61 id., 571; *Chase* v. *Hamilton Co.*, 20 id., 52; *Nat. Ins. Co.*, v. *Meach*, 53 id., 144; *Piedmont and A. Ins. Co.* v. *Ewing*, 92 U. S. [2 Otto], 377; *Whitbury* v. *P. and A. Ins. Co.*, 4 Bige., 361; *Brit. Eq. Ins. Co.* v. *G. W. R. Co.*, 3 id., 264.) The fact that the premium was received by the plaintiff is no waiver of the agent's acts, it having no

knowledge of the circumstances under which it had been paid, and having offered to return it immediately upon learning those circumstances. (*Kolgus* v. *Guardian Co.*, 58 Barb., 185; *Nixon* v. *Palmer*, 8 N. Y., 398; *Smith* v. *Tracy*, 36 id., 79.) The obtaining and retention of the policy was a fraud upon the plaintiff. (*Gale* v. *Gale*, 19 Barb., 246; Willard's Eq. Jur., 147, 167, 168.)

*George Doheny*, for respondents. Fowler, who was appointed agent by plaintiff's general agent, had power to waive the provisions of the policy as to the payment of the premium in money. (*Conover* v. *Mut. Ins. Co. of Albany*, 1 Comst., 290; *Olcott* v. *Tioga R. R. Co.*, 40 Barb., 187; Dunlap's Paley on Agency, 199; Story on Agency, §§ 126–127; *Van Allen* v. *Farmers' Jt. St. Ins. Co.*, 10 Hun, 399; *Marcus* v. *St. Louis M. L. Ins. Co.*, 68 N. Y., 625; *Bodine* v. *Ex. F. Ins. Co.*, 51 id., 117; *Leslie* v. *Knick. L. Ins. Co.*, 63 id., 27; *Dean* v. *Ætna L. Ins. Co.*, 62 id., 643; *Dilleber* v. *Knick. L. Ins. Co.*, Ct. Appeals, April 1, 1879.) The case presents no circumstances for the interference of a court of equity, and the complaint should be dismissed. (*McHenry* v. *Hazard*, 45 N. Y., 581; *Town of Venice* v. *Woodruff*, 62 id., 462; *Fowler* v. *Palmer*, 62 id., 533.)

Miller, J. This action was commenced for the cancellation and surrender of a policy of insurance upon the life of James H. Reals, deceased, upon the ground that it was obtained by fraud and conspiracy between the plaintiff's agent and the deceased, and for the reason that it was void, because the premium was not paid in cash and a note given for the same by the insured. The referee found that the charge of fraud was not established by the evidence, and that the policy of insurance was a binding contract of insurance upon the plaintiff, and directed that the complaint be dismissed. These findings are, we think, sufficiently supported by the testimony, and the case presented furnishes no ground for the interference of a court of equity. Such a court will

not interfere to decree the cancellation of a written instrument unless some special circumstance exists establishing the necessity of a resort to equity to prevent an injury which might be irreparable, and which equity alone is competent to avert. That a defense exists is insufficient. Nor is it enough that the evidence may be lost: (*Town of Venice* v. *Woodruff*, 62 N. Y., 462.) The fraud alleged is a conspiracy between the agent and the deceased. The fraud, if any, was not proved on the trial, as the referee found, and hence the action cannot be sustained upon that ground. The allegation that the plaintiff fears an action may be commenced, and by collusion with the defendant, Fowler, the agent of the plaintiff, an appearance be obtained, and from failure to answer or defend, a judgment may be entered against the plaintiff, or that the defendant will delay bringing on the action until evidence of the fraud and conspiracy shall be lost to the plaintiff, furnishes no ground for such an action. The testimony can be perpetuated under the statute, and any order or judgment obtained by a conspiracy to prevent the plaintiff's appearance or to procure such judgment fraudulently could be set aside upon motion. In fact, all the rights of the plaintiff could be amply protected in a defense to an action brought upon the policy, and there are no special circumstances calling for the interference of a court of equity: (*Fowler* v. *Palmer*, 62 N. Y., 533.) The referee was, therefore, clearly right in dismissing the complaint.

The various rulings in regard to the admission of testimony were entirely immaterial, as the action could not be sustained, and they do not demand comment. The objections made relating to the validity of the policy and the delivery of the same, are also unimportant, as these are matters of defense which may properly arise in an action upon the policy. We are unable to discover any valid ground for interfering with the judgment upon the referee's report, and are of the opinion that the same should be affirmed.

All concur.

Judgment affirmed.