# Hodge *v.* McMahan *et al.*

*Bill in Equity for an Injunction.*

1. *Bill to cancel note and mortgage; injunction.*—Where a note and mortgage are given for the purpose of obtaining advances and supplies during a year in order to make a crop, and after the execution of such note and mortgage the mortgagee assigns the same and fails to furnish the advances and supplies, and there is an absolute failure of consideration for the note, the mortgagor can maintain a bill for the purpose of having the said note and mortgage cancelled; and to the end of settling the whole controversy, a court of equity may issue an injunction to prevent the interference by the assignees with the mortgaged property.

[Hodge v. McMahan, *et al.*]

APPEAL from the Chancery Court of Jackson.
Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellant, Willis Hodge, against W. J. McMahan and Horton McMahan, partners under the firm name of W. J. McMahan & Co. The following facts were averred in the bill: On December 13, 1901, the complainant executed and delivered a promissory note to one J. H. Dobbs, for $120 due in November, 1902, and to secure the payment of said note executed and delivered to said Dobbs a mortgage upon certain personal property owned by the complainant. The consideration for the execution and delivery of the note and mortgage was an agreement and promise on the part of said Dobbs to furnish and advance to the complainant money and supplies to enable him to make a crop during the year 1902 on certain lands then occupied by the complainant. Within one month after the execution and delivery of said note and mortgage to the complainant Dobbs, he transferred and assigned said note and mortgage to the defendants, W. J. McMahan & Co., and within about a month after such transfer and assignment Dobbs removed from the State and went to Texas, where he has resided ever since. The consideration of said note wholly and totally failed in that said Dobbs never furnished any money or advances to the complainant, and it was necessary for the complainant to obtain his supplies and advances with which to make his crop, from other sources. Just before the filing of the present bill, the defendants, as assignees of said note and mortgage, sent the deputy sheriff of the county to the complainant's house who demanded and was proceeding to take from the complainant possession of the personal property conveyed in said mortgage, for the purpose of selling it under the power of sale contained in said mortgage.

The complainant declined and refused to surrender posession of said property, and to prevent the officer from forcibly taking and carrying it away, which he had threatened to do, the complainant entered into a forthcoming bond for the delivery of the property on a cer-

tain named day. There was no suit for the recovery of said property pending, but the complainant avers that he fears and apprehends that he will be put to expensive and vexatious litigation.

The prayer of the bill was for an injuction to restrain the defendants from taking possession of the property conveyed in said mortgage and from foreclosing said mortgage, or from in any way transferring and assigning said note and mortgage, and that the defendants be required to surrender said note and mortgage and that the same be cancelled. There was a preliminary injunction issued on the filing of the bill.

The defendants moved to dissolve the injunction for the want of equity in the bill; moved to dismiss the bill for the want of equity, and demurred to the bill upon the following grounds: 1. The bill seeks merely the cancellation of a mortgage for a failure of consideration therein, and fails to show any facts denying, a complete and adequate remedy at law by prosecuting or defending an action of detinue or any other legal action that may be brought thereon. 2. The bill shows that at the time of the filing of the bill the respondents were proceding by appropriate remedies to enforce their mortgage security and so test the validity of the mortgage by appropriate action at law. 3. The bill does not seek a redemption from the mortgage, but to enjoin proceedings thereunder which would test its validity at law. 4. The bill avers no fraud, accident or mistakes as a ground of equitable intervention, but merely a failure of consideration, a defense available at law. 5. The bill shows no apprehended litigation which could not be defended at law or which furnishes any ground for an injunction.

On the submission of the cause upon the motion and the demurrer, the chancellor rendered a decree sustaining the demurrer and granting the motion to dissolve the injunction, and ordered that the temporary injunction theretofore issued be dissolved. From this decree the complainant appeals, and assigns the rendition thereof as error.

W. H. NORWOOD, for appellant, cited 1 Story Eq. Juris. (11th ed.), §§ 700-701; 2 Story Eq. Juris. (11th

[Hodge v. McMahan *et al.*]

ed.), §§ 826, 862; High on Injunctions, 309-313; 2 Amer. & Eng. Ency. of Law, 258 *et seq.*; *Smith v. Pearson,* 24 Ala. 355; *Kelly v. Martin,* 107 Ala. 479; *Glover v. Hembree,* 82 Ala. 324; *Vaughan v. Marable,* 64 Ala. 60.

VIRGIL BOULDIN, contra.—A bill for cancellation must have some equitable ground to support it, some showing why there is not an adequate remedy at law. *Williams v. Cooper,* 107 Ala. 246; *Rea v. Longstreet,* 54 Ala. 291; *Jones v. DeGraffenrcid,* 60 Ala. 151; *Norment v. Eureka Co.,* 98 Ala. 190; *Merritt v. Ehrman,* 116 Ala. 278; *Andrews v. Frierson,* 33 So. Rep. 6; *Kelly v. Martin,* 107 Ala. 479; *Smith v. Cockrell,* 66 Ala. 64.

That the complainant had a plain and adequate remedy at law in defense of an action of detinue on the mortgage for failure of consideration is beyond doubt. Code of Alabama, § 1478; *Hooper v. Birchfield,* 115 Ala. 226; *Powers v. Crawford,* 110 Ala. 294; *Lewis v. Simon,* 101 Ala. 546.

SHARPE, J.—In general where one holds in hostility to another a writing which on its face imports a valid obligation, but which is invalid by reason of extrinsic facts the evidence of which is in danger of being lost by delay in the assertion of claims, a court of equity will interfere to prevent what might otherwise prove irreparable injustice, by cancelling the writing.—*Smith v. Pearson,* 24 Ala. 355; *Merritt v. Ehrman,* 116 Ala. 278; Story's Eq. Jur., § 700; *Field v. Holbrook,* 14 How. Pr. (N. Y.) 103.

In such case the jurisdiction is not declined because the infirmity of the instrument is such as could be availed of in a suit at law, for the power to bring or postpone such suit is usually with the party holding the instrument, and without equitable relief the other party would be subject to menace for a time indefinite and possibly until he is disabled by circumstances from effectually contesting.

In this case it appears from the bill that defendants have taken steps to obtain possession of complainant's

[Dalton v. Bunn & Allison.]

property under the power contained in the alleged mortgage but that proceeding will not necessary culminate in a suit wherein complainant could be freed from embarrassment and apparent liability on the note, mortgage and bond held against him by defendants. Assuming that as alleged in the bill the consideration for the note and mortgage has wholly failed, complainant was under no real obligation to surrender the mortgaged property, and the bond given by him to have the property forthcoming at the sale was without consideration.

The bill states a case proper for relief under the principle to which we have referred, and was not subject to the demurrer. To the end of settling the whole controversy in the chancery court of preventing interference with the mortgaged property until the case is heard on its merits or on the coming in of the answer, the motion to dissolve the injuction should have been overruled.

The decree sustaining the demurrer and the decree dissolving the injunction will be reversed and the cause will be remanded. An order will here be entered reinstating the injunction.

Reversed and remanded.