# Southern States Fire & Casualty Ins. Co. v. Whatley.

*Bill to Cancel Contract and Notes.*

(Decided May 18, 1911.  55 South. 620.)

1. *Cancellation of Instrument; Equity Jurisdiction; Legal Remedy* —A court of equity has jurisdiction to cancel a fraudulent contract at the instance of the injured party, notwithstanding he may sue at law upon the covenants of warrant therein, or for deceit.

2. *Parties; Transferee of Notes.*—Where the bill to rescind a contract for the purchase of stock and for the surrender and cancellation of the notes given therefor, on the grounds of fraud inducing the purchase, avers that on discovery of the fraud, and before the certificates of stock was received, complainant offered to rescind the contract and the respondent declined, and also refused to deliver him his notes, and that the notes were discounted and the proceeds placed to the credit of the defendant, the bill shows equity and can be maintained, whether the holder be a bona fide holder or not, and whether the bank discounting the note be joined as a party respondent or not.

3. *Equity; Remedy at Law; Adequacy.*—The test of equity jurisdiction, where there is a concurrent remedy at law is whether the remedy is adequate and will not subject the party to vexatious litigation.

4. *Same; Demurrer; Sufficiency.*—Where the bill has equity independent of the defect set up in the demurrer, a demurrer addressed to the whole bill should be overruled.

APPEAL from Birmingham Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by R. L. Whatley against the Southern States Fire & Casualty Company. From a decree overruling a demurrer to the bill respondent appeals. Affirmed.

The case made by the bill is that an agent of the respondent approached the complainant for the purpose of selling him stock in the respondent company and in order to induce complainant to purchase he represented first that the certificate which was issued to him would show on its face that the stock was $25 per share; second that the respondent had already declared a dividend of 25 per cent. upon its stock which would be divided between them, and that if the complainant bought stock then he would participate in a division of the dividend; and, third, that Adam Glass, a prominent citizen and business man of Mobile, had already purchased stock in said corporation in the amount of $1,250; that, relying on these representations, he was induced to and did purchase 55 shares of stock, for which he executed his two promissory notes, for the sum of $520 and $910, respectively, and that the said

notes were discounted by said Cozart to the Bank of Wilmer, and that the amount was placed to the credit of the Southern States Fire & Casualty Insurance Company. It is alleged that the representations were untrue when made, and are still untrue, and that they were fraudulently made for the purpose of inducing the purchase, and that as soon as complainants discovered the falsity of said representation, and before he received his certificates of stock he offered to rescind said contract, and the respondents declined and failed, and also refused to deliver him his notes or a sum of money equal thereto. It is then alleged that the stock was forwarded the Bank of Wilmer, but that complainant refused to receive it, and so notified the bank, with the request that they notify respondent. The demurrers raise the point that there is not equity in the bill, nor offer by the complainant to do equity; plain, adequate, and complete remedy at law; and because the bill shows on its face that said notes are not in possession or under the control of defendant, but have passed into the hands of the purchaser for value, and that this court is therefore without the power or jurisdiction to decree the cancellation of or to return them.

LAMKIN & WATTS, for appellant. Having failed to make the holder of the notes a party, and the only relief that could be granted being the rescision of the contract and a money judgment for the value of the notes, the case cannot be maintained.—*Sadler's Case,* 2 Stew. 520. Fraud itself is never a ground of equity jurisdiction.— *Knotts v. Tarver,* 8 Ala. 743; *Smith v. Cockrell,* 66 Ala. 77; *Merritt v. Ehrman,* 116 Ala. 278; *Ins. Co. v. Kempber,* 73 Ala. 225. The appellee has a plain, complete and adequate remedy at law.—*Barnett v. Warren,* 82 Ala. 557; *Landford v. Lee,* 119 Ala. 248; *Hudson v.*

*Scott,* 125 Ala., 172; 27 Cyc. 851. It follows therefore that the court erred in overruling the demurrers to the bill.

GORDON & EDDINGTON, and PAUL A. SAVAGE, for appellee. The bill alleges a legal fraud and hence contains equity.—Section 4298, Code 1907. The remedy at law is not plain and adequate as used to deny jurisdiction to equity.—*Foster v. Kennedy,* 38 Ala. 359; *Moncrief v. Wilkinson,* 93 Ala. 373. When a material fact is misrepresented and the other party relies and acts upon it, a court of equity will rescind the contract.—*Lester v. Mahon,* 25 Ala. 445; *Merritt v. Ehrman,* 116 Ala. 279; *Perry v. Boyd,* 126 Ala. 168. The allegation of misrepresentation and fraud were sufficient.—*Duy v. Higdon,* 162 Ala. 528; *Harrison v. Ala. Mid. Railway,* 144 Ala. 257.

ANDERSON, J.—The bill seeks to avoid the contract of subscription to stock and the cancellation of notes executed for the purchase of same, and sets up that complainant was fraudulently induced to subscribe for said stock and execute said notes, by the false and fraudulent misrepresentation of material facts. A court of equity will entertain jurisdiction to cancel a fraudulent contract, at the instance of the injured party, notwithstanding he may sue at law upon the covenants of warranty or for deceit.—*Perry v. Boyd,* 126 Ala. 162, 28 South. 711, 85 Am. St. Rep. 17; *Cullum v. Bank,* 4 Ala. 21, 37 Am. Dec. 725; *Baptiste v. Peters,* 51 Ala. 158. The test is, not that he has a remedy at law, but whether or not the remedy will be adequate and complete, or that he will not be subjected to vexatious litigation at a distance of time.—*Merritt v. Ehrman,* 116 Ala. 278, 22 South. 51b.

The bill avers that the notes are held by the Bank of Wilmer. Therefore the matters set up in the bill would be no defense to the notes, if the bank is a bona fide holder of same. The result is, if the complainant does not pay them. he is subject to a suit in the future by the bank, and would then have to seek his redress against the respondent insurance company. On the other hand, if the bank is not a bona fide holder of the notes, the complainant will be put to the trouble and expense of defending a suit on same. Although he may succeed, yet success on his part in a litigation with the bank would not necessarily cancel the contract of subscription; the respondent company not being a party. Moreover, the bill seeks in the alternative to make the respondent indemnify the complainant in case the notes cannot be delivered up and canceled. It is therefore apparent that the bill contains equity. The relief would no doubt be more perfect and complete by making the bank, the holder of the notes, a party to this cause, in order that the chancery court could require the respondent, in case the complainant is entitled to relief, to reimburse the bank and procure the notes, and deliver or surrender them to this complainant or to the court for cancellation; or if the bank is not a bona fide holder of the notes, it, being the custodian of same, should be made a party to the bill, in order that the court may cancel same in the event the complainant is entitled to cancel his subscription to the stock. This omission of parties however is not essential to the equity of the bill, and the chancery court did not err in overruling the ground of demurrer proceeding upon that theory.

In so far as the bill seeks a cancellation of the notes, it was subject to grounds 4 and 6 of the demurrer, had they been directed at the bill in so far as it sought a restoration or cancellation of the notes, instead of as a

whole. The bill has equity independent of the surrender or cancellation of the notes, as it seeks to cancel the issue of the stock and the alternative relief of reimbursing the complainant, in case the respondent cannot restore the notes now held by the bank. If a bill has equity independent of the point or defect set up in the demurrer, but the said demurrer is addressed to the whole bill, it should be overruled.—*Nelson v. Wadsworth*, 11 Ala. 603, 55 South. 120; *MacMahon v. MacMahon*, 170 Ala. 338, 54 South. 165; *Beall v. Lehman, Durr & Co.*, 110 Ala. 446, 18 South. 230.

The decree of the chancery court is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.