# Ahlrichs v. Parker, et al.

## Bill to Cancel Note.

(Decided June 11, 1914.　65 South. 815.)

*Cancellation of Instrument; Bill; Sufficiency.*—The presumption
is that notes are in the possession of the payee, and a bill seeking
the cancellation of such note because procured by fraud, which
alleged that they were payable to one other than the respondent is
insufficient if it fails to show that respondent has possession of the
notes.

APPEAL from Cullman Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Emil Ahlrichs against George H. Parker,
individually and as executor, to cancel and annul cer-,
tain mortgages. Decree sustaining demurrers to the
bill, and complainant appeals. Affirmed.

The allegations are that complainant and Alvin Ahl-
richs are brothers; that Alvin Ahlrichs is dead, and
George Parker is acting under the appointment of the
will as executor, and under the will complainant is to

receive nothing, but the sister, Elfrieda Ahlrichs, was to receive all, but that she was enjoined by Alvin to pay over part of the estate to complainant, which she assented to, but declined to comply with; that soon after the death of Alvin, Parker procured one Koopman to secure a power of attorney from complainant and his wife ostensibly for the purpose of settling said estate, but in reality to take advantage of complainant. It is then alleged that "complainant" forged or caused to be forged the name of complainant to certain waive notes aggregating the sum of $5,000, divided into ten notes each, and complainant avers that if it was not a legal forgery it was a moral one and unauthorized. The seventh paragraph alleges that the notes were executed by the attorney in fact without any consideration passing to complainant, and payable to said Elfrieda Ahlrichs, and which notes are in the possession of respondent actual or constructive, or, if not in his possession, respondent is able to obtain them, as the said estate is not settled, but still pending. It is then set out that the notes are not barred, and that some day they may be used to vex and harass him, and other things not necessary to set out.

EMIL AHLRICHS, pro se. Equity has jurisdiction to cancel the notes.—*Converse B. Co. v. Geneva County,* 168 Ala. 432. Fraud gives the court jurisdiction.—*So. St. F. & C. Co. v. Whatley,* 173 Ala. 101; *Richter v. Richter,* 60 South. 880. It follows that the court erred in sustaining demurrers to the bill.

EYSTER & EYSTER, for appellee. The bill was demurrable for failing to show that the notes were in possession of the respondent as it appears from the bill that the notes were payable to another than respondent.

[Ahlrichs v. Parker, et al.]

GARDNER, J.—From a decree sustaining the demurrer to the bill complainant brings this appeal. The purpose of the bill seems to be the cancellation of certain notes of complainant payable to one Elfrieda Ahlrichs. The respondent is made a party to the suit both as an individual and "as executor of the last will and testament of Alvin Ahlrichs, deceased."

Construing the pleadings most strongly against the pleader, as is the well-understood rule, the bill does not show that this respondent either as an individual or in his representative capacity has the possession or control of the notes sought to be canceled. They were payable to Elfrieda Ahlrichs, and under the above rule of construction it would seem the court is justified in holding the bill shows such payee to have the custody and control thereof. The payee is not made a party to the cause.

The respondent is, as above stated, made a party in his representative capacity as executor. No relief whatever against him as such is sought.

There are assignments of demurrer taking these points, and they were clearly well taken.

There is nothing in the case of *Southern States Fire & Casualty Co. v. Whatley,* 173 Ala. 101, 55 South. 620, indicating to the contrary of this conclusion, but, upon the other hand, we think it supports the same. The sole and exclusive purpose here seems to be the cancellation of the notes, and relief is sought against one who is not shown to have the possession or control thereof, and who is not the payee, and against whom, as executor, no relief is sought.

The learned chancellor in his opinion criticizes the bill as "vague and indefinite." We think a reading of the bill will disclose that this criticism is also entirely justified.

We conclude that the demurrer was properly sustain-ed, and the decree thereon is therefor affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.