ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.

## Anders *v.* Sandlin, *et al.*

### Bill to Cancel Negotiable Note.

(Decided November 7, 1914.   Rehearing denied December 17, 1914.
67 South. 684.)

1. *Bills and Notes; Consideration; Want of.*—Where complainant agreed with the mortgagor to buy land at a foreclosure sale and to have the use of the land for a year to reimburse him, and that the amount to be paid was not to exceed the amount due on the mortgage ($117.00), and that if the amount bid by complainant exceeded that amount, complainant should be relieved from paying more, and complainant acquired possession of the land for a year by paying the amount due, which was less than half the sum bid at the sale, and less than the rental value of $150, and acknowledged the relation of tenant, and after paying rent for a number of years, and while in possession of the land, executed a note for rent to the guardian of the landlord, complainant could not contend that the note was without consideration, because of the fact that he owned the legal title to the land, and it was immaterial that the mortgagor's interest was only a life estate, and that the note was made to the guardian of the mortgagor.

2. *Landlord and Tenant; Title; Denial by Tenant.*—While occupying the leased premises defendant is estopped from denying the title of the landlord, and before he can assert title to the rented premises in himself, or in anyone else in hostility to his landlord, he must surrender the possession; hence, a complainant seeking to cancel a note given for rent could not assert a legal title in himself in hostility to that of the landlord.

3. *Equity; Maxim; Clean Hands.*—The maxim that "he who comes into equity must come with clean hands," is not confined alone to those cases where fraud or illegality prevents a suitor from relief

[Anders v. Sandlin, et al.]

in equity, but any unconscientious conduct connected with the controversy to which he is a party will suffice to deny him relief.

4. *Same; Dismissal; Effect as to Cross Bill.*—Where the bill to cancel a note given for rent was dismissed, a cross bill seeking a mere personal judgment and having no independent equity in itself was also dismissed.

APPEAL from Morgan Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by James A. Anders against Randolph Sandlin and others, for the cancellation of a rent note, with cross bill by Sandlin for a judgment on the note. From a decre for respondent, and order of reference on the cross bill, complainant appeals. Corrected and affirmed.

O. KYLE, for appellant.

WERT & LYNNE, and TIDWELL & SAMPLE, for appellee.

GARDNER, J.—The bill in this case was filed by appellant, for the cancellation of a certain negotiable note, not then due, executed by him and payable to respondent Randolph Sandlin, who claimed to be the guardian of one James A. Sherrill, a non compos mentis, on the ground of fraud in its procurement, and on the further ground that there was no consideration therefor. The equity of the bill was not questioned. —*So. States Fire Ins. Co. v. Whatley,* 173 Ala. 101, 55 South. 620; *Ahlrichs v. Parker,* 187 Ala. 227, 65 South. 815; *Merritt v. Ehrman,* 116 Ala. 278, 22 South. 514; *Andrews v. Frierson,* 134 Ala. 626, 33 South. 6. Respondent Randolph Sandlin was made party to the suit individually, and as guardian of James A. Sherrill. His answer disclosed only an interest in the cause as guardian for said Sherrill, and the answer was made a cross-bill.

During the progress of the cause the said ward, James A. Sherrill, died, and the decree of the chancellor dismissed the cross-bill, and as this suit is by the complainant alone whose original bill was dismissed, the said cross-bill needs no consideration. Upon suggestion of the death of the said James A. Sherrill, the court permitted the duly appointed administrator of his estate to file answer and cross-bill. This cross-bill also needs no further reference at this time, for reasons hereinafter stated.

The chancellor found from the evidence that the charge of fraud in the procurement of the note was not sustained. A careful review of the record convinces us that in this conclusion he was very clearly correct, and we content ourselves with this statement, without entering into any discussion of this feature of the bill.

(1) The remaining insistence for relief is that the note was without consideration, based upon the assumption that the complainant had the legal title to the certain 160-acre tract of land in Morgan county described in the bill, and that the note, being given for rent, was without consideration because he was the owner thereof and in possession.

Although, from this record, we may be inclined to the view that James A. Sherrill was the owner of only a life estate in said 160 acres of land, yet (as hereinafter appears, complainant's only claim of title is through said Sherrill) it is in fact, so far as concerns the result of this case, immaterial whether said Sherrill was the owner in fee of the land or the owner of only a life estate.

While there is some conflict in the evidence, we are well convinced of the following facts as the established truth of this case: James A. Sherrill executed his mortgage on said 160 acres of land, to one Echols, for $100.

due December 1, 1905. Upon the land's being advertised for sale under the mortgage, upon default in payment thereof, said Sherrill, after discussion with complainant and with one Sample, an attorney, agreed with complianant that he (complainant) buy in the land at the foreclosure sale, and have the use of the same for the year 1906, to reimburse him for the amount expended; that the sum to be paid by complianant was in no event to exceed the amount due on the mortgage, to wit, $117 in round figures; that if the sum bid by complainant should exceed the amount due, complainant was relieved from paying the same, and was to pay only the amount due. While there were doubtless numerous negotiations as to this agreement, we may, from the evidence, very reasonably conclude: That the same was consummated on the day of the sale, January 2, 1906. There were other bidders at the sale, complainant being the highest at $250, and it was agreed between the parties that the difference between the sum bid and the amount due be not paid, but that complainant, upon payment of the amount actually due, should take possession, and be reimbursed out of the use of the place for that year. Foreclosure deed was made to complainant purchaser, and under this agreement he acquired possession. That after that year complainant rented the place from Sherrill at $125 per year, paying the rent therefor to one Stewart for said Sherrill. That such rental was also made for the year 1909, but that Sherrill was sent to the asylum in the fall of 1909, and complainant did not pay the full amount, but only $65 of the rent, as testified to by Stewart. Respondent Randolph Sandlin was appointed guardian for said Sherrill, and as such demanded rent note for the year 1910. This was at first refused. Soon thereafter said Sandlin demanded possession as guardian for

said Sherrill, which demand, being read to complainant, stimulated him to go to see the attorney, John R. Sample, with whom he and Sherrill had advised at the time of the purchase at foreclosure sale. We are convinced that in this interview complainant was reminded by Sample of the original agreement between himself and Sherrill, and that there was no deception practiced, but a full disclosure made. That after this complainant came to said Sandlin and executed the note, the subject-matter of this litigation, which note shows upon its face that it was given for the rent of the James A. Sherrill place; and while the note is payable to Randolph Sandlin, yet it is made clear from the evidence that he was acting for his ward, and that James A. Sherrill, the ward, is the beneficial owner thereof. Sandlin was made a party respondent as an individual and as guardian, and then both the legal, and the equitable title, were before the court.—*McGhee v. Importers,' etc., Bank,* 93 Ala. 192, 9 South. 734; *Moore v. Pope,* 97 Ala. 462, 11 South. 840; *Dawson v. Burrus & Williams* 73 Ala. 111. The complainant continued in possession and, a short time before this note became due, filed this bill for its cancellation.

We have made no effort to set out this evidence in detail, but have merely, in a general way, attempted to state the facts, of the truth of which we are convinced by this record.

(2) It thus appears that this complainant, by agreement with said Sherrill, acquired possession of the land by paying the amount actually due on the mortgage, which was less than half the sum bid at the sale. The difference between the two sums would, of course, have gone to Sherrill, but the amount thereof, under the agreement, complainant was not to pay. There were competitive bidders, running the bid as high as $250,

but by this advantageous arrangement complainant outbid the others. The difference between the sum bid and that actually paid by complainant constituted a very valuable consideration, released by Sherrill to complainant and for his benefit. He thus acquired possession under agreement that the use of the place for 1906 would reimburse him. The rental value of the land is shown to have been $150. Complainant had known Sherrill for a long number of years and worked for him when a boy. Having thus acquired possession, he acknowledges the relation of landlord and tenant as existing between him and Sherrill, and pays rent for the subsequent years, some years executing rent contracts or notes. After much hesitation, but with full time for reflection and consideration, he executes this note to respondent Sandlin upon his demand as guardian, and after said Sandlin, as guardian, had demanded possession. He retains possession, then, for the year 1910, and now seeks to show that the note is without consideration, and void, because he held the legal title and was the owner of the land. He restores no possession to the guardian, nor offers to do so. He has acknowledged the rental relationship with Sherrill himself, and after Sherrill's confinement in the asylum for the insane, with his guardian. He first acquires possession under such rental agreement as above noted. He reaps the full benefit, and, after having done so, asks that he be permitted in a court of equity to now show that there is no consideration for the note, by denying any title in the landlord and setting up a title in himself. This, under the evidence in this case, he cannot be permitted to do.

"A tenant while occupying the leased premises is estopped from denying the title of the landlord, and before he can assert a title to the rented premises in

himself or in any one in hostility to his landlord, he must surrender the possession of the premises."—*Davis v. Williams,* 130 Ala. 530 (2d headnote), 30 South. 488, 54 L. R. A. 749, 89 Am. St. Rep. 55; and the following quotation found in that case: 'For reasons of public policy a tenant is never allowed to dispute his landlord's title after having accepted possession under him. This rule is elementary."

See, also, *McLeod v. McEachern,* 187 Ala. 239, 65 South. 790.

True, the bill in this case is not filed to remove a cloud on title, but for cancellation of the rent note, yet the very ground for relief insisted upon rests upon the assertion of legal title in the complainant, the tenant, as in hostility to the landlord, and such title is thus sought to be directly involved.

In what we have here said, it has been assumed (which we hold is established by the evidence) that there was no fraud or misrepresentation, and that the note was executed after full consideration and with full knowledge by the complainant.

The chancellor held that the agreement between complainant and Sherrill, followed by the use of the land for the year 1906, worked a redemption of the same. Whether such could be considered as the effect of such agreement and consummation thereof, or whether such agreement would fall under the doctrine of *Deming v. Lee,* 174 Ala. 410, 56 South. 921, as to resulting trust, or what in fact was the effect thereof, need not be, and is not determined.

(3) We think the above principle suffices for a determination of the result. And, indeed, the principle alluded to in *Harton v. Little,* 188 Ala. 640, 65 South. 951, may be said to have some bearing, as the maxim, "He who comes into equity must come with clean

hands," is not confined alone to those cases where fraud or illegality prevents a suitor from obtaining relief in equity, but, as said by Mr. Pomeroy: "Any really unconscientious conduct, connected with the controversy, to which he is a party, will repel him from the forum whose very foundation is good conscience."—Eq. Jur., vol. 1, § 404.

We are persuaded that the complainant, under the evidence in this case, is in no position to say that the note is without consideration, for the reason that he had the title to the land. The decree dismissing the bill was proper.

(4) The administrator of Sherrill, in his cross-bill, sought a cancellation of the foreclosure deed made to complainant, and also sought a personal judgment against him for the balance due on the note. The chancellor refused to give relief upon the cross-bill, as to cancellation of the deed, for the reasons stated in his decree, but did order a reference to ascertain the balance due on the note to the end of granting a personal judgment against complainant. There is no cross-appeal, but the appeal is by the complainant only. We are therefore only to review the action of the court in ordering the reference to the end of entering a personal judgment for the balance due. It is, of course, clear that such feature of the cross-bill contains no independent equity. It is the general rule, established by the decisions of this court, that a cross-bill which shows no equitable relief growing out of the subject-matter of the original bill, and which has no independent equity which would sustain the jurisdiction of the court, is carried out by the dismissal of the original bill.— *Myer v. Calera Land Co.*, 133 Ala. 554, 31 South. 938; *Etowah Mining Co. v. Wills Valley, etc., Co.*, 121 Ala. 672, 25 South. 720; *Continentl Life Ins. Co. v. Webb,*

54 Ala. 688; Sims' Chancery Prac., § 649. This feature of the cross-bill, therefore, seeking a mere personal judgment, and having no independent equity, is carried out by a dismissal of the original bill. The chancellor ordered a reference to the end of granting relief as this feature of the cross-bill. This, we conclude, is error which may be here corrected by striking from the decree such order of reference. This is accordingly done; and the decree of the chancellor, as thus corrected, is here affirmed.

Corrected and affirmed.

ANDERSON, C. J., and McCLELLAN and MAYFIELD, JJ., concur.