(95 South. 287)

**COLLINS v. BERMAN et al. (6 Div. 727.)**

(Supreme Court of Alabama. Jan. 11, 1923. Rehearing Denied Feb. 1, 1923.)

1. Sales ⟺38(3)—Seller not answerable for mere trader's talk and representations as to value and cost.

For mere trader's talk, mere general commendations of property sought to be sold, and representations as to value and cost, seller is not answerable.

2. Equity ⟺239—Averments of bill accepted as true on demurrer.

On demurrer, averments of the bill must be accepted as true.

3. Cancellation of instruments ⟺37(6)—Averments that complainants were induced to contract by false and fraudulent representations state cause of action.

Averments that representations complained of were falsely and fraudulently made, and induced complainants to enter into a contract to purchase goods, state a cause of action for cancellation of the contract and return of an amount deposited to guarantee complainants' performance.

4. Cancellation of instruments ⟺14—Buyers' remedy, where seller keeps money deposited as guaranty after cancellation for fraud, is by action at law.

Where the seller, after the buyers' cancellation of a contract for the sale of a stock of merchandise on the ground of fraudulent representations inducing the execution thereof, kept money deposited as a guaranty of the buyers' performance, the latters' remedy was by an action at law for the money thus wrongfully appropriated, both parties having proceeded on the theory that the agreement no longer subsisted as a valid, executory contract, no title to land necessitating cancellation as a false muniment of title being involved, and such action being a complete bar to any future action by the seller on the contract.

5. Cancellation of instruments ⟺4—Fraud alone not ground of equitable jurisdiction.

Fraud alone is not a ground of equitable jurisdiction to cancel a contract of sale.

6. Cancellation of instruments ⟺14—Buyers praying cancellation have adequate remedy at law to recover amount deposited as guaranty of performance on ground of fraud or absence of damage commensurate with sum deposited.

Buyers praying cancellation of their contract for fraudulent representations inducing the execution thereof have an adequate remedy at law to recover money deposited as guaranty of their performance without reference to the considerations on which courts of equity grant relief against penalties and forfeitures, even if the bill be construed as averring, in the alternative, that, if there were no fraud, and complainants were at fault in failing to perform, the deposit was a mere security, not liquidated damages, and that defendant had not suffered damage commensurate therewith; the law court being as competent to construe the contract in such particular and ascertain the amount of damage caused by the detention of complainants' money as is the equity court.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by A. C. Berman and others against G. A. Collins. From a decree overruling demurrer to the bill, defendant appeals. Reversed and remanded.

E. N. Hamill and Stokely, Scrivner & Dominick, all of Birmingham, for appellant.

Where a wrong can be compensated in money, and an action at law affords an adequate remedy therefor, a court of equity is without jurisdiction, unless some independent matter of equitable cognizance is shown. 203 Ala. 541, 84 South. 718; 175 Ala. 667, 57 South. 442; 158 Ala. 343, 48 South. 477, 24 L. R. A. (N. S.) 399; 159 Ala. 669; 34 Ala. 638; 5 Mich. Ala. Dig. 478. Fraud is never a distinctive ground of equity jurisdiction.

---

⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 5.

203 Ala. 541, 84 South. 718; 66 Ala. 77; 152 Ala. 435, 44 South. 551; 30 Ala. 299; 24 R. C. L. 363. Whether the sum authorized to be paid is out of proportion to the actual damages which will probably be sustained by a breach is a fact which the court will not enter on inquiry, if the intent is otherwise made clear—that liquidated damages and not a penalty is contemplated. 85 Ala. 552, 5 South. 149; 8 R. C. L. 569.

Louis Silberman, William Vaughan, and W. H. Smith, all of Birmingham, for appellees.

A court of equity will relieve against a forfeiture or penalty when the same is unconscionable and greatly in excess of the real damages sustained by the party stipulating for such penalty, even though the contract call it liquidated damages. 99 Ala. 90, 10 South. 293; 191 Ala. 310, 68 South. 149; Fetter on Eq. § 107; Eaton on Eq. p. 95; Story. Eq. Jur. § 1301; Pom. Eq. Jur. § 72. When equity has jurisdiction of a cause, the extension of a like jurisdiction to a court of law does not deprive the court of equity of its original jurisdiction. 208 Ala. 101, 94 South. 67; 75 Ala. 554.

SAYRE, J. Appellees filed this bill to rescind an agreement between the parties and to recover a pecuniary judgment against appellant for a sum of money deposited by appellees with appellant to be forfeited in the event appellees failed to perform the agreement. The substance of the bill is that the parties entered into an agreement for the sale by defendant to complainants, at cost less an agreed discount, of a stock of merchandise and the movable fixtures and appliances used in the business conducted by defendant, the purchase price to be paid as soon as the total amount thereof could be determined by an inventory to be taken by complainants; that "as an evidence of good faith the buyers agree to and hereby deposit with the seller certified check for $1,000, which said deposit is also by way of guaranty that they will take said stock of merchandise on or by December 15th, 1921;" that by the contract it was further provided. "that, if the buyers shall fail or refuse to consummate this agreement on or by said December 15th, 1921, the obligations hereunder on the part of the seller shall cease * * * and the bank shall be authorized to pay to him the said $1,000, so hereby agreed to be deposited, and the seller may take or retain the same as agreed liquidated damages for the failure of the said buyers to perform their said contract on or by said date, time being of the essence of this agreement, if consummated the above $1,000 is to be part of the purchase price"; that in order to induce complainants to enter into said contract defendant made false and fraudulent representations as to the quality of the stock, the quantity of certain goods forming a part thereof, and the cash price, upon all which complainants relied; that, on account of the fraud averred, complainants canceled the trade, but defendant keeps the money. The prayer, briefly stated, is that the contract be canceled, and that the sum of money in the hands of defendant be treated as the fruit of an inequitable and unconscionable forfeiture, and that defendant be decreed to pay 'the same to complainants. Complainants offer to do equity if need be.

[1-3] For mere "trader's talk," mere general commendations of property sought to be sold, and representations as to value and cost, the vendor is not held answerable. Tillis v. Smith Sons Lumber Co., 188 Ala. 122, 65 South. 1015. But the averment of the bill is that the representations complained of were falsely and fraudulently made, and induced complainants to enter into the contract. On demurrer these averments must be accepted as true, and, if so, they show a cause of action in complainants. Perry v. Johnston, 59 Ala. 648; Harton v. Belcher, 195 Ala. 186, 70 South. 141.

[4, 5] On the facts averred in the bill complainants' remedy is by action at law. Both parties have proceeded on the theory that the agreement no longer subsists as a valid executory contract; it is not necessary that it be canceled as a false muniment of title, no title to land being involved (Merritt v. Ehrman, 116 Ala. 278, 22 South. 514); the title is now where it would be after a formal decree of rescission; all that complainants need ask is that they be awarded a judgment for the money alleged to have been wrongfully appropriated by defendant; the record of such a suit will be a complete answer to any future action by appellant on the contract. Russell v. Little, 28 Ala. 160. Fraud alone is not a ground of equitable jurisdiction, as this court has frequently decided. Smith's Ex'r v. Cockrell, 66 Ala. 64; Hunt v. Jones, 203 Ala. 541, 84 South. 718, where a number of our decisions are cited.

[6] The briefs deal with the question of penalties and forfeitures and the considerations on which courts of equity grant relief in such cases, but we think that discussion is unnecessary in this case. Complainants, without reference to such considerations, are entitled to have their money back because, as they aver in effect, it was obtained from them by means of a contract which was fatally infected with fraud. If they prove this averment, on which their bill in its present frame appears to depend, they are entitled to recover the entire sum, and, for aught appearing, a judgment at law will be adequate to afford them complete justice. Or, if the bill may be construed as conceding, in the alternative, that, even if there was no fraud, and complainants were at fault in

failing or refusing to execute the contract, still the contention is the deposit with defendant of the check for $1,000 was a mere security, and not by way of liquidated damages in the event complainants failed or refused to carry out their contract; that defendant has not suffered damage commensurate with that sum, and equity should afford relief. But, even in that case, the law court is as competent to determine the proper construction of the contract in this particular as is the court of equity, as competent to ascertain the amount of damage caused by the detention of complainants' money, and to render judgment therefor. Cases in which the law courts have exercised this jurisdiction are noted in Walshe v. Smith Lumber Co., 178 Ala. 472, 59 South. 455. No other cause for the intervention of equity being shown, complainants must be relegated to their remedy by judgment at law. 1 Pom. Eq. Jur. (4th Ed.) § 434. Defendant's demurrer should have been sustained.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.