(122 So. 656)

**NATIONAL LIFE & ACCIDENT INS. CO. v. PROPST.   (6 Div. 342.)**

Supreme Court of Alabama.   May 30, 1929.

Jacobs & Carmack, of Birmingham, for appellant.

Erle Pettus, of Birmingham, for appellee.

GARDNER, J. Appellant filed this bill (January 19, 1929) seeking the cancellation of an insurance policy insuring the life of Myrtle V. Propst in favor of appellee, Norma Cleon Propst, because of the fraudulent representations and conduct of the insured. The insured died July 21, 1928, and respondent, the beneficiary named in the policy, had made claim to the proceeds thereof, but the bill fails to allege whether or not suit had been instituted by said beneficiary for a recovery on the policy.

We learn from a motion filed by respondent that such suit was brought some few days after the filing of this bill, but this cannot be considered as supplying deficiencies in the bill's averment. Preferring, however, to rest our decision upon the merits, we pass by this omission of averment in the bill, and consider the same upon the assumption that it discloses no suit was pending at law when the bill was filed.

The chancellor sustained a demurrer to the bill upon the theory there was a plain and adequate remedy at law in defense of any action brought to recover on the policy. We think this ruling in line with the current of authorities. 21 C. J. 68; 2 Pomeroy, Eq. Jur. (3d Ed.) § 914, where the author says: "The doctrine is settled that the exclusive jurisdiction to grant purely equitable remedies, such as cancellation, will not be exercised, * * * in any case where the legal remedy, either affirmative or defensive, which the defrauded party might obtain, would be adequate, certain, and complete"—quoted approvingly in Merritt v. Ehrman, 116 Ala. 278, 22 So. 514. And in the note to this section the author further states: "The rule is generally adopted that a suit will not be sustained to cancel an executory, non-negotiable, personal contract—e. g. a policy of insurance when the fraud might be set up as a defense to an action on the contract, and there are no special circumstances which would prevent the defense from being available, adequate and complete." As directly in point, the cases of Globe Mut. Life Ins. Co. v. Reals, 79 N. Y. 202, and Phoenix Mut. Life Ins. Co. v. Bailey, 13 Wall. 616, 20 L. Ed. 501, are cited. The case of Johnson v. Swanke, 128 Wis. 68; 107 N. W. 481, 5 L. R. A. (N. S.) 1048, 8 Ann. Cas. 544, contains an interesting discussion of the principle here involved, and many illustrative cases are found cited in the notes.

Numerous decisions from our own court have dealt with the equitable jurisdiction as to cancellation of instruments for fraud or other appropriate grounds, among them Merritt v. Ehrman, supra; Hodge v. McMahan, 137 Ala. 171, 34 So. 185; J. A. Fay, etc., Co. v. Independent Lbr. Co., 178

Ala. 166, 59 So. 470; Waddell v. Lanier, 62 Ala. 347; Collins v. Berman, 209 Ala. 67, 95 So. 287; Bullard Shoals Mining Co. v. Spencer, 208 Ala. 663, 95 So. 1; Morgan v. Gaiter, 202 Ala. 492, 80 So. 876; Anders v. Sandlin, 191 Ala. 158, 67 So. 684; Ahlrichs v. Parker, 187 Ala. 227, 65 So. 815; Southern States Fire & Casualty Ins. Co. v. Whatley, 173 Ala. 101, 55 So. 620. The rule in this state is that "'fraud itself is never a distinctive ground of equity jurisprudence.' * * * 'No matter how gross the fraud may be, if the party can have full, complete and adequate redress at law, he cannot go into a court of equity.'" Merritt v. Ehrman, supra. "The test is, not that he has a remedy at law, but whether or not the remedy will be adequate and complete" (Southern States Fire & Casualty Ins. Co. v. Whatley, supra), and the determination of that question must rest upon the peculiar facts presented in each particular case, and "cannot be determined by any rule so phrased as to exactly fit all situations." Johnson v. Swanke, supra.

Coming to a consideration of cases analogous to that here presented, appellant concedes the decisions of the federal courts are opposed to its contention. Phœnix Mut. Life Ins. Co. v. Bailey, 13 Wall. 616, 20 L. Ed. 501; Cable v. U. S. Life Ins. Co., 191 U. S. 288, 24 S. Ct. 74, 48 L. Ed. 188; New York Life Ins. Co. v. Bangs, 103 U. S. 780, 26 L. Ed. 608. But it is argued that these authorities rest upon the federal statute. It was noted, however, in Boise Artesian Hot & Cold Water Co. v. Boise City, 213 U. S. 276, 29 S. Ct. 426, 53 L. Ed. 796, that this statute was but a crystallization into statute form of the guiding rule in equity that it will not interpose where there is a plain, adequate, and complete remedy at law. See, also, Grand Chute v. Winegar, 15 Wall. (82 U. S.) 373, 21 L. Ed. 174, where the statute is quoted.

It appears, therefore, the force of these decisions is not lessened by virtue of this statute. A number of these cases are noted and commented upon in 3 Cooley's Brief on the Law of Insurance, pp. 2856–2861.

Counsel for appellant cite John Hancock Mut. Life Ins. Co. v. Dick, 114 Mich. 337, 72 N. W. 179, 43 L. R. A. 566, and New York Life Ins. Co. v. Steinman (N. J. Ch.) 143 A. 529, as supporting the equity of the bill. The Michigan court holds to the view, contrary to that entertained in this jurisdiction, that fraud alone suffices for equitable interposition, and a careful reading of the New Jersey case discloses peculiar facts not here present, though some of the expressions of the opinion tend to sustain appellant's position.

Counsel for appellant suggest that under the statute (section 8966, Code of 1923) it was necessary that it take action within a year from the discovery of the fraud, but we are in accord with the holding of other jurisdictions that such statutes are not applicable to defensive matter. Louisville Banking Co. v. Buchanan, 117 Ky. 975, 80 S.

W. 193, 4 Ann. Cas. 929, and authorities cited in the note.

In a consideration of the equity of the bill, it must also be borne in mind that it was filed after the death of the insured, and that therefore there is presented under the policy a purely legal demand, and that the fraud alleged would constitute a defense at law upon suit being brought for recovery on the policy. Phœnix Mut. Life Ins. Co. v. Bailey, supra. Assuming there was no suit then pending, the bill merely shows fraud which would constitute a defense at law, and no peculiar facts or circumstances evidencing a necessity to prevent irreparable damage, for a resort to equity. The bill does not even show any apprehension of injury from delay in bringing a suit at law by the beneficiary, but, on the contrary, discloses activity on his part in making demand for payment, from which it may naturally be presumed suit would follow in due season upon refusal of payment.

The suggestion, therefore, in brief, that evidence may be lost by delay in institution of actions at law, finds no support in the averments of the bill, but, otherwise considered, the New York court in Globe Mutual Life Ins. Co. v. Reals, 79 N. Y. 202, directs attention to the statute existing in that state for perpetuation of evidence corresponding with our statute, section 7778 et seq., Code of 1923.

Appellant lays stress upon Merritt v. Ehrman, supra, but peculiar facts are there found, and the bill had equity upon another distinct ground. Some of the language used, broadly interpreted, may appear to give some color to appellant's contention, but, when read in the light of the facts there considered, it appears such expressions were not intended as applicable to a situation as here presented.

We are persuaded the bill does not disclose a case for equitable interposition, and that the chancellor correctly decreed in sustaining the demurrer thereto.

Let the decree be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.