26 So.2d 596

**GOLTSMAN v. AMERICAN LIFE INS. CO.**

3 Div. 427.

Supreme Court of Alabama.

April 11, 1946.

Rehearing Denied June 27, 1946.

152

Hill, Hill, Whiting & Rives and Richard T. Rives, all of Montgomery, for appellant.

Hugh A. Locke and Wade H. Morton, both of Birmingham, for appellee.

LIVINGSTON, Justice.

Appeal from a decree overruling demurrer to a bill of complaint as amended. Appellee filed this bill seeking the cancellation of an insurance policy insuring the life of Della Wallock in favor of her minor son, Larry E. Wallock, because of the fraudulent representations and conduct of the insured. By amendment, appellee seeks a declaratory judgment as to the rights of the parties. According to the averments of the bill the insured died on October 24, 1939.

On September 22, 1938, the insured signed an application for a policy of life insurance to appellee, and upon that application appellee first issued a policy of insurance on the life of Della Wallock in the amount of $10,000, on October 11, 1938. On November 15, 1938, that policy was cancelled and a new policy for the same amount was issued. On September 9, 1939, the last mentioned policy was cancelled and a new policy for the same amount was issued, a copy of which last policy is attached to the bill of complaint and made a part thereof.

By separate agreement between Della Wallock and appellee insurance company,

it was agreed that in the event the policy becomes a claim, the proceeds of the policy would be held by the company and paid to Larry E. Wallock, son of the insured, as follows: $1000 on June 1, 1946; $2500 on November 24, 1949; $3000 on November 24, 1954, and $3500 on November 24, 1959, all installments to bear interest at not less than three and one-half percent per annum.

The cancellation of the policy was sought because of alleged fraudulent answers of Della Wallock in her application for insurance.

The only grounds of demurrer argued on appeal are that, there is no equity in the bill, and that complainant has a full, adequate and complete remedy at law.

The controlling rule is stated in National Life & Accident Ins. Co. v. Propst, 219 Ala. 437, 122 So. 656, as follows:

"We think this ruling in line with the current of authorities. 21 C.J. 68; 2 Pomeroy, Eq.Jur.(3rd Ed.) § 914, where the author says: 'The doctrine is settled that the exclusive jurisdiction to grant purely equitable remedies, such as cancellation, will not be exercised, * * * in any case, where the legal remedy, either affirmative or defensive, which the defrauded party might obtain, would be adequate, certain, and complete'—quoted approvingly in Merritt v. Ehrman, 116 Ala. 278, 22 So. 514. And in the note to this section the author further states: 'The rule is generally adopted that a suit will not be sustained to cancel an executory, non-negotiable, personal contract—e. g. a policy of insurance when the fraud might be set up as a defense to an action on the contract, and there are no special circumstances which would prevent the defense from being available, adequate and complete.' As directly in point, the cases of Globe Mut. Life Ins. Co. v. Reals, 79 N.Y. 202, and Phoenix Mut. Life Ins. Co. v. Bailey, 13 Wall. 616, 20 L.Ed. 501 are cited. The case of Johnson v. Swanke, 128 Wis. 68, 107 N.W. 481, 5 L.R.A.,N.S., 1048, 8 Ann. Cas. 544, contains an interesting discussion of the principle here involved, and many illustrative cases are found cited in the notes.

"Numerous decisions from our own court have dealt with the equitable jurisdiction as to cancellation of instruments for fraud or other appropriate grounds, among them Merritt v. Ehrman, supra; Hodge v. McMahan, 137 Ala. 171, 34 So. 185; J. A. Fay, etc., Co. v. Independent Lbr. Co., 178 Ala. 166, 59 So. 470; Waddell v. Lanier, 62 Ala. 347; Collins v. Berman, 209 Ala. 67, 95 So. 287; Bullard Shoals Mining Co. v. Spencer, 208 Ala. 663, 95 So. 1; Morgan v. Gaiter, 202 Ala. 492, 80 So. 876; Anders v. Sandlin, 191 Ala. 158, 67 So. 684; Ahlrichs v. Parker, 187 Ala. 227, 65 So. 815; Southern States Fire & Casualty Ins. Co. v. Whatley, 173 Ala. 101, 55 So. 620. The rule in this State is that 'fraud itself is never a distinctive ground of equity jurisprudence.' * * * 'No matter how gross the fraud may be, if the party can have full, complete and adequate redress at law, he cannot go into a court of equity.' Merritt v. Ehrman, supra. 'The test is not that he has a remedy at law, but whether or not the remedy will be adequate and complete' (Southern States Fire & Casualty Ins. Co. v. Whatley, supra), and the determination of that question must rest upon the peculiar facts presented in each particular case, and 'cannot be determined by any rule so phrased as to exactly fit all situations.' Johnson v. Swanke, supra."

Further in the same case it was said:

"The suggestion, therefore, in brief, that evidence may be lost by delay in institution of actions at law, finds no support in the averments of the bill, but, otherwise considered, the New York court in Globe Mutual Life Ins. Co. v. Reals, 79 N.Y. 202, directs attention to the statute existing in that state for perpetuation of evidence corresponding with our statute, sections 7778 et seq., Code of 1923 [Code 1940, Tit. 7, § 491 et seq.]"

And this Court, in the case of All States Life Ins. Co. v. Jaudon, 230 Ala. 593, 162 So. 668, held that the fact that the benefits of a life insurance policy are payable in installments does not give equity to a bill filed to cancel it.

But appellee argues that the averments of the bill bring it within the influence of

the decision in Merritt v. Elsman, 116 Ala. 278. 22 So. 514, where it was held that the particular facts alleged gave equity to the bill. That the agreement to pay the loss in installments, and that the installments bear interest, is in the nature of a trust agreement which gives equity to the present bill.

But we find nothing in the policy, nor in the written agreement between the parties, to sustain such an agreement. The policy and agreement are exhibited to and made a part of the bill of complaint. Neither does more than provide for the payment of the benefit of the policy in installments. An exhibit made the basis of a cause of action or defense and contradicting the averments of the pleading of which it is made a part, will control such pleading. 49 Corpus Juris 619, section 883; South v. First National Bank of Fayette, 17 Ala. App. 569, 88 So. 219; Lavretta v. First National Bank of Mobile, 235 Ala. 104, 178 So. 3; Tan-Kar Oil Co. v. Danley, 240 Ala. 205, 198 So. 238.

The recent case of George Donoghue et al. v. Brank Bunkley, Comm'r., et al., Ala.Sup., 25 So.2d 61, 70,[1] set at rest in this jurisdiction (contrary to this writer's opinion), the question as to whether a declaratory judgment was like an extraordinary legal remedy, to be denied when there is a regular action available, or like an equitable action, to be dismissed when there is an adequate remedy at law. It was there held that "our authorities are to the effect that ordinarily resort is not to be had to the declaratory judgment statute, Title 7, section 156 et seq., Code of 1940, if adequate relief and appropriate remedy are presently available to the complaining party through the means of other existing forms of actions or proceedings."

There is no equity in the bill, and appellee has a full, adequate and complete remedy at law. A declaratory judgment will not be rendered under these circumstances.

Reversed and remanded.

BROWN, SIMPSON, and STAKELY, JJ., concur.