JULIA E. SMITH vs. JOSIAH W. LIBBY.

Somerset.   Opinion December 27, 1922.

*A claim of prescriptive title not sustained, to an one third interest in common and undivided in the real estate of libellee, under the plea of nul disseizin by libellant, who acquired such interest in the real estate of libellee by virtue of a decree of divorce for fault of libellee made more than twenty years prior to the bringing of the writ of entry by libellant, there having been no decree in the divorce proceedings as to property rights.*

In this case plaintiff, under the plea of nul disseizin, made out a prima facie case when she rested.

The evidence failed to show a settlement of property rights pending the divorce proceedings.

The defendant did not gain a prescriptive title to the plaintiff's common and undivided third interest in his real estate.

On report.   A writ of entry to recover a common and undivided third interest in a certain lot of land and buildings thereon situate in the village of Pittsfield, and for mesne profits.   Plea, the general issue, with a brief statement setting up title under a lost deed, and also title by adverse possession.   On December 22, 1900 the plaintiff was decreed a divorce from defendant for fault of husband, who owned at that time the real estate in question, there being no decree in the divorce proceedings as to property rights.   The writ was dated May 25, 1921.   At the conclusion of testimony the case was reported to the Law Court, with an agreed statement that in the event plaintiff prevails, she should recover as mesne profits $211.48.   Judgment for the plaintiff for possession of an undivided one third part in common of the premises described in her writ, and for $211.48 and interest from the date of the writ.

The case is fully stated in the opinion.

*Harry R. Coolidge*, for plaintiff.

*J. W. Manson*, for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

SPEAR, J. This is a writ of entry. The plaintiff read into the record the following admissions:

"MR. COOLIDGE: In this case, it is admitted that the whole of the lot of land with the buildings described in the writ was conveyed to the defendant, Josiah W. Libby by warranty deed; and that by decree dated December 22, 1900 of the Supreme Judicial Court of Somerset County a divorce was granted to the plaintiff from the defendant for the cause of adultery; that the fair rental value of the whole of said lot of land with the buildings thereon described in the writ, for the two years previous to the beginning of this action has been $180 per year, and for the four years previous to that date $120 per year, or a total for the six years of $840; and that the defendant has been during said six years to no expense for repairs or for the collection of rent and profits, and has during said six years been in the possession of the whole of said premises; and that the taxes assessed for the last six years on the whole and paid by the defendant amount to the total sum of $205.56."

It further appeared that "there was no decree in the divorce proceeding as to property rights." The decree of divorce was then read into the record, which need not be inserted here, and the plaintiff rested her case.

The defendant moved a nonsuit upon the ground that the plaintiff had not shown that she had been seized within twenty years. The motion was overruled, to which exceptions were taken, and the case proceeded to completion, and comes up on report, thereby investing the Law Court with the powers of a jury. The plea was the general issue with brief statements.

The divorce decree was granted to the plaintiff on the 22d day of December, 1900. At that time the defendant was the owner of a house and lot in the village of Pittsfield. Accordingly, by virtue of Sec. 9, Chap. 65, R. S., which was the same then as now, upon the granting of her decree she became "entitled to one third, in common and undivided of all his real estate, except wild lands, which shall descend to her as if he were dead."

Under the plea of nul' disseizin, the plaintiff had made out a prima facie case when she rested, although it was not made to appear that

she had been in possession within twenty years prior to the date of the writ. *May* v. *Labbe,* 112 Maine, 209. *Daly* v. *Children's Home,* 113 Maine, 526. *Rand* v. *Skillin,* 63 Maine, 103. If the case stopped here the plaintiff would be entitled to judgment.

But at this juncture the defendant interposes two defenses under his brief statement.

First, that if the plaintiff ever had any title, she conveyed it to the defendant by a deed which has been lost. Second, that the defendant, for more than twenty years has had open, notorious exclusive and adverse possession and occupation of said premises as owner thereof under a claim of right to the whole fee therein.

The careful reading and fair interpretation of the evidence fails to support the first defense of a lost deed, or other instrument of conveyance from the plaintiff to the defendant of her interest in his estate, which accrued to her by virtue of the decree of divorce. His own testimony fails to prove, prima facie, such lost instrument. His strongest claim is that whatever it was, if it existed at all, was a document signed by Abel F. Davis. If this were so, there is no evidence whatever to show what the deed covered or conveyed, nor that Davis had any authority to sign a deed of her particular right in the property involved.

Before proceeding to the last and vital defense, it may here be noted that an equitable defense was set up in the evidence by way of an alleged settlement of the property rights between the plaintiff and defendant at about the time the divorce was decreed. But were such a defense admissible under the pleadings, we are compelled to say that it was not established by a preponderance of the evidence. The whole transaction involving a payment of $200 by the defendant to the plaintiff took place two years before the divorce decree, when the plaintiff left the defendant. The note of the defendant which constituted the major part of the transaction was dated December 20th, 1900. With respect to the alleged settlement the defendant testified:

"MR. MANSON: Q. While the divorce was pending did you make settlement, as to Mrs. Smith, of your property affairs with Mr. Davis?

"A. Well, there is so much of it I can't hardly remember. I am telling all I can about it truthfully, because I meant to settle with her all right. It seems as though we had a conversation about it,

but I am not sure about that. I ain't going to make no statement I ain't sure of. I don't like that way of doing business."

The plaintiff emphatically denied any settlement of property rights pending the divorce proceedings.

We now come to the crux of the case. Did the defendant gain a prescriptive title to the plaintiff's common and undivided third interest in his real estate? We think the evidence fairly construed fails to prove it. *Mansfield* v. *McGinniss*, 86 Maine, 118, seems to be conclusive upon this issue in the present case. This was a case in which a verdict was rendered for the defendant under claim of prescriptive title, which the court set aside in the following pertinent and significant language:

"The defendant claims to have disseized the plaintiff and thus to have acquired a title to the whole tract by an adverse possession for more than twenty years.

"There is a manifest difference in character between the possession of a stranger and that of a co-tenant. A stranger has no right of possession. His occupation, therefore, would be in itself some evidence of an adverse claim, at least in the absence of any evidence of license. A land owner seeing indications of occupation by a stranger, would be on his guard against the nature of the stranger's claim. A co-tenant on the other hand, has full right of possession of the whole undivided land. His occupation therefore would not be the slightest evidence of any adverse claim. It would be presumed to be in accordance with his right as part owner. A tenant in common seeing indications of occupation by a co-tenant, would have no reason to apprehend a denial of his own equal right.

"As between co-tenants evidence of long continued, visible, uninterrupted and even exclusive occupation by one co-tenant, is not enough to bar the rights of the other co-tenants. There must be evidence from which an ouster, a putting out and a keeping out, of the other co-tenants, can be inferred."

The above quotation is fully supported by authority. *Thornton* v. *York Bank*, 45 Maine, 158 is a case in which the defendants went into possession under a deed purporting to convey the entire estate, but the court says Page 161 "the possession or entry of one tenant in common, or joint tenant is always presumed to be in maintenance of the right of all; and he shall not be presumed to intend a wrong to his companion, if his acts will admit of any other construction."

On Page 162 it is further said "if a tenant in common enters on the common property, and takes the whole rents and profits, without paying over any share thereof to his co-tenants, his possession is not to be considered adverse to them but in support of the common title."

In *Colburn* v. *Mason*, 25 Maine, 434, it is said "one tenant in common occupying the estate does not oust or disseize another tenant in common, or one who claims to be such, without some unequivocal act manifesting an intention to do so. Such tenants are individually seized per mie et per tout. The entry of one is the entry of both. Either has a right to actual possession; and his entry will be presumed to be in accordance with his title; and this presumption will hold until some notorious and unequivocal act of exclusion shall have occurred . . . . But if upon demand of the co-tenant of his moiety, the other denies to pay and denies his title, saying he claims the whole, and will not pay, and continues in possession, such possession is adverse and ouster enough."

To the same effect is *Hudson* v. *Coe*, 79 Maine, Page 94, quoting the above citation from 25th Maine.

*Doherty* v. *Russell*, 116 Maine, Page 273 and 274 is cited by the defendant in support of his contention, but the reasoning of the opinion seems to be the other way. The court, as defendant states says that "after divorce former spouses may hold adversely to each other," but the whole paragraph reads as follows:

"Was there adverse possession? After divorce the former spouses may ordinarily hold adversely to each other. 1 R. C. L., 756 and cases cited. Mr. Simmons, the husband occupied the property just the same after the separation as before. He occupied the whole property in defendant's absence as he had a right to do. Having the right to occupy the whole, what was there left to hold adversely, what part did he select and determine to hold in hostility to the defendant's rights? What could he add to his prior holding and right of occupancy?" The court also cites from *Mansfield* v. *McGinniss*, 86 Maine, 118 the paragraph already quoted in the present opinion. We are unable to find any case where passive occupancy by one tenant in common for a period of twenty years with the bare acquiesence of the co-tenant has been held to constitute such ouster or disseizin as to enable such occupancy to ripen into a prescriptive title against the co-tenant.

The defendant, however, claims that certain acts, such as conveying the property and leasing it, from time to time, are evidence of ouster. Granting that these acts constitute prima facie evidence of ouster, when did the first act occur? We presume it will be conceded that ouster must precede or at least be coincident with adverse possession. Adverse possession must run twenty years to effect prescriptive title. We are unable to find any evidence of such acts within the required time. The defendant says: "Q. At the time of the divorce, and the divorce was December 22d, 1900, who was living in the house? A. I can't tell who was living there then; yes I was living in it. Q. You were in the house? A. Yes: I have always lived there until the last two years I have lived in Massachusetts." The conveyance took place long after December 1900. By all the authorities a tenant in possession to gain prescriptive title against the co-tenant must prove ouster or disseizin with all the other elements of prescription for a period of twenty years. If the payment of taxes could be regarded as evidence of ouster then the evidence fails in the present case. The mere assessment of taxes is immaterial. *Smith* v. *Booth Bros.*, 112 Maine, 308. *Holden* v. *Page*, 118 Maine, 242. There is no evidence that the tax assessed upon the property was paid twenty years before the date of the writ. Furthermore as between co-tenants exclusive occupation and payment of taxes are not evidence of disseizin. *Mansfield* v. *McGinniss*, 86 Maine, 118.

The plaintiff's writ was dated May 25th, 1921. The plaintiff's decree of divorce was dated December 22d, 1900. From December 22d, 1900 to May 25th, 1921 is twenty years, five months and three days. It, therefore, follows that it was incumbent upon the defendant, to make out a prescriptive title, to prove ouster or disseizin, within five months and three days after December 22d, 1920. We are unable to find any adequate evidence of such ouster or disseizin.

This brings us to the question of damages. According to the agreed statement the plaintiff was entitled to recover $211.48 and interest thereon from the date of the writ. The entry therefore will be

> *Judgment for the plaintiff for possession of an one undivided third part in common of the premises described in her writ and for $211.48 and interest from the date of the writ.*