(108 So. 534)

## ABATES v. TIMBES.   (1 Div. 397.)

(Supreme Court of Alabama.   May 13, 1926.)

**1. Ejectment ⬅66—Averment in complaint in statutory ejectment that defendant "entered and unlawfully withholds" is sufficient (Code 1923, p. 510, form No. 32).**

Complaint in statutory ejectment need not aver that defendant "unlawfully entered"; averment that he "entered and unlawfully withholds" being sufficient, in view of Code 1923, p. 510, form No. 32.

**2. Ejectment ⬅64—Description of lot as located in Mobile, in ejectment complaint, is not defective for failure to name state and county.**

Description of lot as located in the city of Mobile, and otherwise sufficient, in ejectment complaint, is not defective for failure to name the state and county.

**3. Evidence ⬅10(2).**

Courts take judicial notice that city of Mobile is located in Mobile county, Ala.

**4. Ejectment ⬅69.**

In ejectment, only appropriate plea in bar is general issue "not guilty."

**5. Ejectment ⬅84(1)—Under general issue in ejectment action, evidence to defeat plaintiff's title, and right of possession, or to support defendant's claim to title and right of possession, including tax title, is admissible.**

Plea of general issue in ejectment action puts in issue plaintiff's right of possession, and invites any evidence to defeat his title and right of possession to time of trial, or evidence supporting defendant's claim to title and right of possession, including a tax title.

**6. Appeal and error ⬅1040(7)—No injury was sustained by sustaining demurrers to special pleas in ejectment action which were covered by general issue.**

Special pleas interposed "separately and severally" in "answer to complaint" in ejectment action, seeking to set up tax title in defendant, are covered by general issue, and, if sufficient in their averments, no injury was suffered by sustaining demurrers thereto.

**7. Taxation ⬅809(3)—Statement in plea that pleader defends "under tax sale" is not independent plea in bar of suit in ejectment, but requirement to obtain benefit of tax refund provisions, if tax title fails (Code 1923, § 3104).**

Statement in plea to effect pleader defends "under a tax sale," under Code 1923, § 3104, is not an independent plea in bar of suit in ejectment, but statutory requirement to obtain benefit of tax refund provisions, if tax title fails.

**8. Taxation ⬅739.**

Purchaser at tax sale who has lawfully obtained possession is exempt from liability to account for rents, issue, and profits on redemption, under Code 1923, § 3119.

**9. Taxation ⬅735.**

In absence of statute, tax sale purchaser is not entitled to possession until he obtains tax deed.

**10. Taxation ⬅735.**

Tax sale purchaser is entitled to sue for possession six months after tax sale, under Code 1886, § 599 (Code 1923, § 3099).

**11. Taxation ⬅735—No right of entry is conferred on claimant under void tax sale, nor is he relieved of liability for damages for detention (Code 1886, § 613 [Code 1923, § 3119]).**

Under Code 1886, § 613 (Code 1923, § 3119), no right of entry is conferred upon claimant under void tax sale as against lawful owner, nor is he relieved of damages for detention, whether holding under void certificate of purchase or void tax deed.

**12. Taxation ⬅778.**

Deed from state auditor to lands bid in by state carries no greater right or title than deed to individual purchaser at tax sale, under Code 1923, § 3123.

**13. Taxation ⬅810(1)—Tax sale claimant cannot maintain or defeat suit for possession, save on proof of valid tax title.**

Claimant under tax sale cannot maintain or defeat suit for possession save on proof of valid tax title through regular proceedings to that end.

**14. Taxation ⬅813—Where there was no bill of exceptions, and right to recovery was not questioned, it was conclusive, in ejectment, of defendant's wrongful detention.**

Where, in action in ejectment against claimant under tax deed, there was no bill of exceptions, and right of recovery was not questioned, this was conclusive of question of defendant's wrongful detention and his liability for rents or damages.

**15. Ejectment ⬅69—Plea, in ejectment action, claiming rightful possession and freedom from rents, was covered by general issue (Code 1923, § 3119).**

Plea, in answer in ejectment, claiming rightful possession and freedom from rents under Code 1923, § 3119, was covered by the general issue.

Appeal from Circuit Court, Mobile County; J. W. Goldsby, Judge.

Action in ejectment by Annie F. Timbes against Clarana Abates. From a judgment for plaintiff, defendant appeals. Affirmed.

The complaint is as follows:

"The plaintiff sues to recover possession of the following tract of land: Lot No. 18 in square No. 148 of the Northern or Poe division of the Bernoudy tract, said lot being situated on the northwest corner of Marine and Texas streets, in the city of Mobile, with a front on the north side of Texas street of 50 feet and a depth northwardly on the west line of Marine street of 104 feet and 9 inches, with same width

in rear as in front, said measurements being more or less, of which she was in possession, and upon which, pending such possession and before the commencement of this suit, the defendant entered and unlawfully withholds, together with $250 for the detention thereof."

J. G. Bowen, of Mobile, for appellant.

It was error to sustain demurrer to special pleas setting up a tax title in defendant. Acts 1919, p. 363, §§ 281, 282, 284, 299, 306. The complaint is faulty in matter of description, and failure to show the county wherein the property is situated. Carling v. Wilson, 177 Ala. 85, 58 So. 417; Ware v. Bradford, 2 Ala. 676, 36 Am. Dec. 427; Gager v. Doe, 29 Ala. 341.

Brown & Kohn, of Mobile, for appellee.

The description is sufficient. Rayburn v. Elrod, 43 Ala. 700; Lessley v. Prater, 200 Ala. 43, 75 So. 355. It was not essential to show that the land was located in Mobile county. Anniston Elec. & Gas Co. v. Elwell, 144 Ala. 317, 42 So. 45. Injury will not be presumed from error in rulings on pleadings. Miller v. Mutual Gro. Co., ante, p. 62, 106 So. 396.

BOULDIN, J. [1] The complaint in statutory ejectment need not aver that defendant "unlawfully entered." Sufficient to aver that he "entered and unlawfully withholds." Code, p. 510, form No. 32.

[2-5] The description of a lot, as located in the city of Mobile, and otherwise sufficient, is not defective for failure to name the state and county. Courts take judicial notice that the city of Mobile is located in Mobile county, Ala. In ejectment, the only appropriate plea in bar is the general issue "not guilty." It puts in issue the plaintiff's right of possession, and invites any evidence to defeat his title and right of possession to the time of trial, or any evidence supporting the claim of title and right of possession in defendant, however acquired. This includes a tax title. Etowah Mining Co. v. Carlisle, 127 Ala. 663, 29 So. 7; Bynum v. Gold, 106 Ala. 427, 17 So. 667.

[6] Special pleas 2, 4, 5, 6, and 7 interposed "separately and severally" in "answer to the complaint" seeking to set up a tax title in defendant are covered by the general issue, and, if sufficient in their averments, no injury was suffered by sustaining demurrers thereto. Pleaded separately in answer to the complaint made them several pleas in bar. If issues were joined thereon, proof of the averments of either of them would entitle defendant to a verdict.

[7] They cannot be treated as mere statements, incorporated in the plea of the general issue, or appended thereto, to the effect that the pleader defends "under a tax sale, giving the date of such sale," under Code, § 3104. This statement is not an independent plea in bar, but a statutory requirement in pleading to obtain the benefit of the tax refund provisions of the preceding sections in case his tax title fails.

[8] Code, § 3119, exempts the purchaser at a tax sale who has "lawfully obtained possession" from liability to account for rents, issues, and profits "upon redemption."

[9-11] The purchaser at a tax sale obtains a certificate of purchase, but no deed passing title until the end of the redemption period of two years. Usually the right of possession follows the legal title. So, in the absence of statute, the purchaser at a valid tax sale was not entitled to possession until he obtained his tax deed. Costley v. Allen, 56 Ala. 198. By statute of February 17, 1885 (Code of 1886, § 599 [Code of 1923, § 3099]), the purchaser is entitled to, and may sue for, possession six months after the tax sale. Section 3119 appeared as part of the same statutory system. Code 1886, § 613. It is intended to protect the purchaser at a valid tax sale, who has lawfully obtained possession before acquiring the legal title, from liability to account for rents upon redemption. It confers no right of entry upon a claimant under a void tax sale as against the lawful owner, nor does it relieve him of damages for detention, whether holding under a void certificate of purchase or a void tax deed.

[12, 13] A deed from the state auditor to lands bid in by the state carries no greater right or title than a deed to the individual purchaser at a tax sale. Code, § 3123. In either case he cannot maintain or defeat a suit for possession save upon proof of a valid tax title through regular proceedings to that end.

[14, 15] The plaintiff in this action, the owner of the property, recovered in ejectment from the claimant under a tax deed from the state auditor. There is no bill of exceptions, and the right of recovery is not questioned. This was conclusive of the question of the wrongful detention of the property by defendant, and his liability for rents or damages for detention. Plea No. 3, claiming rightful possession and freedom from rents under Code, § 3119, was covered by the general issue.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.