84 So.2d 370

Lonnie WALKER

v.

Ola Mae WALKER et al.

1 Div. 646.

Supreme Court of Alabama.

Dec. 22, 1955.

Allan R. Cameron and Caffey, Gallalee &
Caffey, Mobile, for appellant.

**14**

Curtis L. Moody, Mobile, for appellees.

STAKELY, Justice.

Lonnie Walker (appellant) brought this suit against Ola Mae Walker (appellee) and Anderson Walker in ejectment. The appellee Ola Mae Walker filed no plea of the general issue but filed a special plea alleging in substance that the Circuit Court of Mobile County, In Equity, on a date prior to the filing of the ejectment suit, dismissed a bill of complaint brought by Lonnie Walker against Ola Mae Walker praying "that said court would enter a decree of cancellation of a deed of conveyance to defendant, Ola Mae Walker, from one C. H. Turner and wife Hattie Turner and would quiet title to the identical real property" described in the ejectment suit. The plea, omitting description of the real estate, will be set out in the report of the case. The court overruled demurrers to this plea. Lonnie Walker thereupon filed eight replications to the special plea.

Replication one was the general replication. Replication seven was withdrawn. Replications two, three and four allege that the equity suit relied on as res adjudicata did not involve the issue as to who was entitled to the possession of the property in that suit and now sued for. Replications five, six and eight allege that the equity suit relied on as res adjudicata did not involve the question of whether complainant in that suit, appellant here, had acquired title by adverse possession against Turner and his grantee Ola Mae Walker. The court overruled the demurrer to the general replication and sustained the demurrers to all the remaining special replications.

The appellant took a nonsuit on account of the adverse rulings of the court on the pleadings and this appeal is to review these rulings.

Our cases hold that "not guilty" is the only plea in an ejectment suit under which a defendant may introduce evidence and bar a recovery. Metropolitan Life Ins. Co. v. Estes, 228 Ala. 582, 155 So. 79; Fiscus v. Young, 243 Ala. 39, 8 So.2d 514; Boon v. Riley, 171 Ala. 657, 54 So. 997. The plea of not guilty in an ejectment suit is the only plea on which the plaintiff can be required to take issue. Fiscus v. Young, supra; Abates v. Timbes, 214 Ala. 591, 108 So. 534. There appears to be an exception of matter puis darrein continuance, Vadeboncoeur v. Hannon, 159

Ala. 617, 49 So. 292, and also an exception if the action be by a mortgagee against the mortgagor. § 950, Title 7, Code of 1940. We take no account of these exceptions because they are not involved in this suit.

While it is not clear that the appellant by his demurrer to the special plea raised the question of the established rule of pleading in an action of ejectment to which we have referred, the grounds of demurrer which are assigned enable us to reach the same result as we shall undertake to show. Defendant filed a single special plea as an absolute defense to the ejectment suit. In this plea he sought to bar the action of ejectment by alleging that the plaintiff in ejectment had filed a bill in equity to cancel a deed from one C. H. Turner and his wife to defendant Ola Mae Walker and to quiet complainant's title and that the aforesaid bill in equity had been "dismissed". It is obvious that the plea which the court held good is not a plea of the general issue. It does not deny the title or the right of plaintiff to possession or allege facts which show that the plaintiff in ejectment does not have title and the right to recover possession. In other words, if every allegation of the plea is admitted, there would be nothing to show the essential fact that the plaintiff did not have title or any right to possession. The bill to cancel the Turner deed and to quiet title could be properly dismissed without any decision on the question of title and right to possession. On its face the plea only shows the cancellation of a particular deed from one who is not alleged to have any title.

It is settled that the exclusive jurisdiction to grant purely equitable remedies such as cancellation will not be exercised in any case where the legal remedy, either affirmative or defensive which the complainant might obtain would be adequate, certain and complete. National Life & Accident Ins. Co. v. Propst, 219 Ala. 437, 122 So. 656; Goltsman v. American Life Ins. Co., 248 Ala. 151, 26 So.2d 596; Citizens Insurance Co. v. Mathis, 233 Ala. 146, 170 So. 481. For example, where a complainant is out of possession and seeks to cancel a deed or mortgage which is void because induced by fraud, because executed by a non compos mentis, because given by a wife to secure her husband's debt or because it is a forgery, the bill will be dismissed, because complainant's remedy is at law. Davidson v. Brown, 215 Ala. 205, 110 So. 384; Chapman v. Turner, 255 Ala. 423, 51 So.2d 867. Although the complainant in the equity case had title and the immediate right to possession, his bill to cancel and quiet title would have to be dismissed if he failed to prove possession, as in that event his remedy at law would be adequate. Sherrill v. Federal Land Bank of New Orleans, La., 244 Ala. 461, 14 So.2d 361; Tyler v. Copham, 245 Ala. 151, 16 So.2d 316.

Accordingly it follows that a dismissal of the equity suit did not involve a decision that complainant did not have title and the immediate right to possession, but only involved, for aught that the plea shows, a failure to prove that complainant was in possession. So, the plea is not good as a plea of res adjudicata even if it be assumed that such a plea could be pleaded as a bar in an ejectment suit. To be a good plea of res adjudicata, the plea must affirmatively show that the parties were the same, the subject matter the same, the identical point directly in issue in each case and the judgment in the first suit rendered on that point. McCall v. Jones, 72 Ala. 368.

It is apparent that if the first case could have been decided on any ground other than ownership and right to possession, decision in that case was not res adjudicata. Chamberlain v. Gaillard, 26 Ala. 504. Suppose a dismissal in the present situation was the result of a finding that complainant was not in possession without a determination of whether he had title and the right to possession, such a dismissal would not be res adjudicata of complainant's title and right to possession. Gray v. Alabama Fuel & Iron Co., 216 Ala. 416, 113 So. 35; King v. Coffee, 222 Ala. 245, 131 So. 792. We agree with counsel that to hold the foregoing plea good, would preclude the plaintiff from setting up a

title acquired from the true owner or a title acquired by adverse possession subsequent to a decree of the equity court. Under a plea of not guilty the plaintiff would have had the right to set up title acquired by him subsequent to the dismissal of his equity suit whether by deed from the true owner or by adverse possession. It is apparent that if plaintiff were compelled to take issue on this insufficient plea, proof of his averments would entitle the defendant to a verdict. But a defendant cannot be thus made to defend on an improper or insufficient plea. Abates v. Timbes, 214 Ala. 591, 108 So. 534.

It follows that this cause must be reversed for the error indicated.

 When the court held the foregoing plea good, the plaintiff filed replications two, three and four, each of which sets up in varying language the essential fact that the equity suit, dismissal of which was held to be a complete bar to recovery in ejectment, did not involve as an issue, "the question of who had the right of possession to the property sued for in the ejectment suit." The plea as a plea of res adjudicata could not properly be good unless the issue in the ejectment suit was raised and decided in the equity suit. Since the court held the plea good on the theory that it showed a former adjudication of the issues involved in the ejectment suit, the court was clearly in error in sustaining demurrers to replications which showed that the final issue in the ejectment suit had not been raised and decided in the equity suit. Authorities supra.

Each of the replications five, six and eight alleges in substance that the equity suit did not involve the question of whether plaintiff had acquired title by adverse possession as against Turner and his grantee, Ola Mae Walker. The court should not have allowed the plea to stand, but once having held the plea to be good, the replications should have been allowed because they showed that title by adverse possession and subsequent right to possession had not been litigated or adjudicated in the equity suit.

As we understand the argument, it is insisted that the ruling of the court on the plea did not superinduce the taking of the nonsuit. The recitals of the judgment as to the cause of the nonsuit is conclusive. Garner v. Baker, 214 Ala. 385, 108 So. 38. The record shows "that plaintiff in open court on this day takes a nonsuit with a bill of exceptions, on account of adverse ruling of the court on the pleadings in this cause."

We think it is clear that the rulings on the plea obstructed the plaintiff's right to proceed in his effort for recovery. City of Mobile v. Board of Revenue and Road Commissioners of Mobile County, 219 Ala. 60, 121 So. 49. Certainly taking the rulings of the court on the demurrer to the plea along with the rulings of the court on the demurrers to the replications show that these rulings necessitated the nonsuit and the appellant is entitled to have these rulings here reviewed.

The judgment of the lower court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.