134 So.2d 771

**Ola Mae WALKER et al.**

v.

**Lonnie WALKER.**

**I Div. 928.**

Supreme Court of Alabama.

Nov. 16, 1961.

Moody & Higgins, Mobile, for appellants Walker.

McCorvey, Turner, Johnstone, Adams & May, Mobile, for appellant Socony Mobil Oil Co.

Edw. P. Turner, Jr., and Dennis Porter, Chatom, for appellants Scott.

Austill, Austill & Austill, Mobile, for appellee.

STAKELY, Justice.

Lonnie Walker (appellee) filed a statutory action in the nature of ejectment against Ola Mae Walker and Addison Walker jointly and severally, Alton Scott, Clarence Scott, Howard Scott, C. H. Turner, Hattie Turner and Magnolia Petroleum Co., a corporation, (appellants). The action was brought for the recovery of the possession of certain real estate lying in Mobile County and more particularly described in the complaint.

All of the defendants filed a plea of the general issue.

Prior to the trial of the suit Socony Mobil Oil Co., a corporation, was substituted as a party defendant for the defendant Magnolia Petroleum Company, a corporation. On the day of the trial the defendants C. H. Turner and Hattie Turner were stricken as party defendants.

The trial of the case resulted in a verdict for the plaintiff and a judgment thereon. The defendants filed a motion for a new

trial which was overruled by the court. This appeal followed.

The attorneys of record entered into a stipulation, part of which we set out as follows:

"It is further stipulated that prior to September 12, 1929, the legal title to the lands involved in this suit was vested in L. S. Walker."

Lonnie Walker, the plaintiff (appellee) is one of the sons of L. S. Walker referred to in the stipulation. L. S. Walker died, intestate, on March 31, 1931. F. M. J. Walker, the mother of Lonnie Walker died, intestate, on December 26, 1939.

The defendants (appellants) claim title to the property not only on a record title but also by adverse possession. The following are the muniments of title on which the record title of the defendants is based:

1. A warranty deed from L. S. Walker and wife, F. M. J. Walker, to C. H. Turner dated September 12, 1929 and duly recorded.

2. A deed from C. H. Turner and wife, Hattie Turner, to Ola Mae Walker dated August 28, 1944 and duly recorded.

3. A mineral deed from C. H. Turner and wife, Hattie Turner, to Alton, Clarence and Howard Scott dated August 28, 1944 and duly recorded.

4. An oil, gas and mineral lease from Ola Mae Walker and husband, Addison Walker, to Magnolia Petroleum Company dated April 13, 1953 and duly recorded.

The plaintiff (appellee) claims title to the property through the following written muniments of title:

1. A patent from the United States of America to Leonidas S. Walker dated May 6, 1896 and duly recorded.

2. A deed from the Farmers Home and Trust Company to L. S. Walker dated July 24, 1899 and duly recorded.

3. A quitclaim deed from John S. M. Walker, James Walker, Elizabeth Cornelson, Emery Powell and Addie Glenn to Lonnie Walker dated in September, 1940 and duly recorded.

4. A deed from John Samuel Walker, et al., to Lonnie Walker dated May 24, 1941 and duly recorded.

5. A deed from James A. Crane as Register dated September 10, 1942 and duly recorded.

We shall later discuss the title claimed by the plaintiff by adverse possession.

This is the third suit which has been filed by Lonnie Walker against these defendants or some of them to try the title to the real estate involved in this case. On the 19th day of April 1948 Lonnie Walker filed a bill of complaint in the Circuit Court of Mobile County, in Equity, against Ola Mae Walker. The bill of complaint in that case was dismissed by the Hon. Claude Grayson on the 18th day of December 1950 the following decree being entered:

"This cause is submitted for decree upon the pleadings and testimony offered in open Court, and being considered, the Court is of the opinion that the Complainant is not entitled to the relief prayed for, and it is therefore ordered, adjudged and decreed by the Court that this cause be and hereby is dismissed.

It is further ordered that the Complainant be taxed with the costs for which execution may issue.

Dated, September 18, 1950.

Claude A. Grayson

Presiding Judge (cag) "

On April 8, 1952 Lonnie Walker filed an action in the nature of ejectment in the Circuit Court of Mobile County, Alabama, against Ola Mae Walker, Addison Walker, Alton Scott, Clarence Scott and Howard Scott. The jury returned a verdict for the defendants in that case and judgment was entered thereon. On August 17, 1958 the instant suit was filed in the Circuit Court

of Mobile County, Alabama, by Lonnie Walker (appellee) against Ola Mae Walker and others who are hereinabove mentioned as defendants (appellants).

We shall first discuss the record title which is claimed by Lonnie Walker and then discuss the title by adverse possession claimed by Lonnie Walker. There was no appeal from the decree dismissing the suit in equity to which we have referred. There was an appeal taken from the judgment in the first suit in ejectment which appears as Walker v. Walker, et al., 264 Ala. 11, 84 So.2d 370. It will be recalled that the record title shows a deed from L. S. Walker and F. M. J. Walker to C. H. Turner. A considerable amount of testimony was allowed in the instant case to show that this deed was in truth a mortgage and not a deed and that the indebtedness secured by the mortgage had been paid. In addition to this, proof was allowed in the instant case tending to show that there was an unrecorded deed from C. H. Turner and wife, Hattie Turner, to Mrs. F. M. J. Walker given sometime after the death of L. S. Walker which was lost and could not be produced. As a matter of fact the deed was not produced. Accordingly, secondary evidence was allowed by the court to be admitted in an effort to prove this deed.

It is earnestly insisted by the appellants in the instant case that the decree in the equity case is res judicata of (1) the issue that the deed from L. S. Walker and wife, F. M. J. Walker, to C. H. Turner is a deed and not a mortgage and (2) that there was no lost deed as alleged and contended by appellee in the instant case. In other words, if Judge Grayson's decree holds that the deed from L. S. Walker and wife to C. H. Turner was a deed and not a mortgage and there was no lost deed from C. H. Turner and wife to Mrs. F. M. J. Walker, then the plaintiff, Lonnie Walker, (appellee) has no record title.

In the first ejectment suit Walker v. Walker, supra, there was an appeal from a non-suit on account of adverse rulings of the lower court on the pleadings. The lower court held that the special plea which is set out in the report of that case was a good plea. This court however held that the plea was not a good plea. In Walker v. Walker, supra [264 Ala. 11, 84 So.2d 372], this court held that "our cases hold that 'not guilty' is the only plea in an ejectment suit under which the defendant may introduce evidence and bar recovery." The special plea filed in Walker v. Walker, supra, here referred to was not a plea of not guilty and did not put in issue the title of the plaintiff or his right to possession. We agree with the appellants that this is the only interpretation which can be put on the holding in Walker v. Walker, supra.

By way of contrast in the instant suit the entire record in the equity suit was introduced in evidence by the appellants. The bill of complaint alleged in substance that in paragraphs 4 and 5 the mortgage to C. H. Turner was given as security for an indebtedness and when the indebtedness had been paid, a deed was executed by C. H. Turner and wife to F. M. J. Walker, the widow of L. S. Walker, but never recorded and has been "lost, misplaced or destroyed". In paragraphs 4, 5 and 6 of the answer of Ola Mae Walker to the equity bill she specifically denied each and every allegation contained in paragraphs 4, 5 and 6 of the equity bill. Therefore, the issue as to whether or not the deed from L. S. Walker and wife to C. H. Turner was a mortgage was put in issue by the bill and answer and was litigated when Judge Grayson tried the case in equity court. Since this point was directly raised by the pleadings and litigated we consider that Judge Grayson's decree determined that issue by denying relief to the appellant and dismissing his bill. In saying this we pretermit discussion of the admissibility of parol evidence in the instant case, a law action, to show that this deed was a mortgage and not a deed. See Moorer v. Tensaw Land & Timber Co., 246 Ala. 223, 20 So.2d 105.

With respect to the alleged lost deed in paragraphs 5 and 6 of the equity bill the ap-

pellee alleged the deed which he claimed was given to F. M. J. Walker by C. H. Turner was lost, misplaced or destroyed. In her answer to the bill in the equity court Ola Mae Walker specifically denied each and every allegation in paragraphs 4, 5 and 6 of the bill and demanded strict proof of each of the allegations in each of the paragraphs. Accordingly, the issue of the lost deed was raised by the pleadings in the equity suit and was litigated and we consider judicially determined by Judge Grayson's decree in the equity court.

In other words, when the pleadings in the equity case raised the issue of the lost deed and the issue as to whether or not the deed was a mortgage and the evidence was heard and Judge Grayson dismissed the bill of appellant, it was judicially determined by Judge Grayson that there was no lost deed and that the deed was not a mortgage. We, therefore, think that these two issues which are now fully brought before this court in the instant case, through the proof of the bill and answer in the equity case cannot be raised in the instant proceeding because these issues are res judicata. In order to make ourselves clear we go further and say that when the record is considered the only matter decided by the first ejectment suit was that a plea of res judicata is not a proper plea to an ejectment suit since the plea of "Not guilty" is the only plea that is recognized or accepted in response to an ejectment suit. To carry the thought further we now say that the appellee cannot rest his title on the issues which he raised to support his title, namely, the lost deed and converting the warranty deed into a mortgage. The result is that in the instant case the appellee has shown no record title.

As to adverse possession, we do not see how it can be said that the appellee has established any title by adverse possession. True he has shown assessment for taxes and payment of taxes by L. S. Walker and his heirs from 1929 through 1944 but from 1945 to date there was a double tax assessment and payment by Lonnie Walker and Ola Mae Walker, but in the various suits which Lonnie Walker has filed within the last ten years he has shown that he was not in possession of the property. In the first ejectment suit he admitted that he was not in possession of the property in 1952. On August 17, 1956 in the instant case he admitted that he was not in possession of the property.

To summarize, it is our view that the appellants were entitled to the affirmative charge which they requested and which was denied them by the court. Accordingly, it is not necessary to consider any other points raised in the case because we think that the appellee, Lonnie Walker, has shown no title to the property. He must recover on the strength of his own title and not on the weakness of the title, if any, of the appellants. Reynolds v. Henson, 268 Ala. 239, 105 So.2d 679.

The judgment of the lower court is reversed and one here rendered in favor of the appellants.

Reversed and rendered.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.