THOMAS, Judge.
Milton Mitchell appeals from the Mobile Circuit Court’s grant of a postjudgment motion altering its judgment by denying Mitchell’s claim upon redemption for rents collected by Leviene S. Curry on a parcel of property that Curry had possessed by way of a tax deed. We reverse and remand.

Facts and Procedural History

In 2004, a parcel of property containing a house (“the property”) that was owned *354 by Mitchell was sold to the state for delinquent taxes. Curry purchased the property from the state. The state subsequently issued Curry a tax deed for the property in July 2007.
In June 2008, Mitchell filed a complaint in the Mobile Circuit Court to redeem the property. In his complaint, Mitchell claimed that he did not receive proper notice of the tax sale, pursuant to § 40-10-133, Ala.Code 1975,[1] and that he had deposited the necessary funds in the circuit court to redeem the property. Mitchell later amended his complaint to add a claim for the rents that Curry had collected while he was in possession of the property. Curry answered Mitchell’s complaint, denying Mitchell’s claim that he had not received proper notice of the tax sale and claiming that Mitchell had not paid a sufficient sum of money into the circuit court to cover the improvements Curry had allegedly made to the property.[2]
In November 2009, Mitchell moved the circuit court for a summary judgment. In his motion and brief in support of his motion for a summary judgment, Mitchell argued that he did not receive notice of the tax delinquency on the property, that Curry had collected over $16,000 in rent during the time Curry had possessed the property, and that Curry was not entitled to any monetary award for the improvements and repair that Curry had allegedly made to the property while he was in possession. Mitchell requested that the circuit court order a deed to be prepared listing Mitchell as the owner of the property and award other relief that the circuit court deemed appropriate.
In his response to Mitchell’s motion for a summary judgment, Curry claimed that Mitchell had not shown that he did not receive proper notice of the tax sale. Curry also argued that he was entitled to an award for the cost of improvements and repairs that he had made to the property while he had possession. With respect to the rents Curry had received while he had had possession of the property, Curry argued that he was not accountable to Mitchell for those rents, pursuant to § 40-10- *355 131, Ala.Code 1975.[3] Curry “neither con-fírm[ed] [n]or deni[ed] the amount of rental payments” that Mitchell claimed that Curry had collected. Curry requested that the circuit court uphold the tax deed, deny Mitchell’s motion for a summary judgment, deny Mitchell’s request for rents received by Curry, and quiet title to the property in Curry. Curry also requested that, if the circuit court found in Mitchell’s favor, it award Curry a sum equal to the amount he had expended on taxes, insurance premiums, and improvements, plus interest, along with the costs of redemption.
On December 8, 2009, the circuit court entered a summary judgment in favor of Mitchell. In its judgment, the circuit court found that Mitchell had not received proper notice of the tax sale and that, accordingly, the tax deed issued to Curry was void. The circuit court also found that because the tax deed was void, Curry was accountable to Mitchell for the $16,646 in rent that Curry had received while he possessed the property under the void tax deed; the circuit court noted that Curry did not dispute the amount of rent that Mitchell had claimed that Curry had received. The circuit court ordered Mitchell to pay Curry $2,744.51 as costs of redemption and ordered the circuit clerk to issue a deed in fee simple to Mitchell for the property.
On December 22, 2009, Curry moved the circuit court, pursuant to Rule 59(e), Ala. R. Civ. P., to alter, amend, or vacate the judgment. In his postjudgment motion, Curry argued that, pursuant to § 40-10-131, he was not liable to Mitchell for any rents Curry had collected while he had had possession of the property. Curry also argued that he had collected at most $6,000 in rent, not the $16,646 claimed by Mitchell. Mitchell replied to Curry’s motion, arguing that, because the tax deed was void, Curry had not had lawful possession of the property. Therefore, Mitchell argued, § 40-10-131 did not protect Curry from liability for the rents that he had received while he had been in possession of the property. Mitchell also argued that Curry had not provided any evidence to support his claim that Curry had collected only $6,000 in rent and that Curry’s factual argument concerning the amount of rent that Curry had collected had come too late because Curry did not make his argument before the circuit court entered its summary judgment.
On March 9, 2010, the circuit court granted Curry’s postjudgment motion. In its order, the circuit court stated that it was granting Curry’s motion “as it relates to back rents. [Curry] is not liable for rents collected.” The circuit court did not disturb any of the other findings that it had made in its summary judgment. Mitchell subsequently appealed to this court.

Standard of Review

Mitchell appeals from the circuit court’s grant of Curry’s postjudgment motion. “This Court reviews a trial court’s rulings on postjudgment motions to determine whether the trial court exceeded its discretion.” Hamm v. Norfolk S. Ry. Co., 52 So.3d 484, 489 (Ala.2010).

*356
Analysis

Section 40-10-131, Ala.Code 1975, provides, in pertinent part:
“Neither the purchaser, nor anyone claiming under him, who may have lawfully obtained possession of any real estate purchased at tax sales shall be liable upon the redemption of such real estate to account to the owner for any rents, issues, or profits during such possession, but as to such rents, issues, and profits he shall be held and considered the rightful owner of such real estate .... ”
Mitchell argues that § 40-10-131 only protects a purchaser who has lawfully obtained possession of a property and that, because Curry’s claim to the property arose out of a void tax deed, he had not lawfully obtained possession of the property. Therefore, Mitchell argues, § 40-10-131 does not protect Curry from liability to Mitchell for the rent Curry had collected upon Mitchell’s redemption of the property. We agree.
In Abates v. Timbes, 214 Ala. 591, 108 So. 534 (1926), the Alabama Supreme Court considered whether former § 3119, Ala.Code 1923, an identically worded predecessor statute to § 40-10-131, acted to bar the recovery by the owner of damages for the detention of a parcel of property when the possessor’s claim arose from a void tax deed. Our supreme court noted that “[former] § 3119[ ] exempts the purchaser at a tax sale who has ‘lawfully obtained possession’ from liability to account for rents, issues, and profits ‘upon redemption.’ ” Abates, 214 Ala. at 592,108 So. at 535. Our supreme court then held that former § 3119 did not exempt a purchaser when the tax sale was void, stating that
“[former § 3119] is intended to protect the purchaser at a valid tax sale, who has lawfully obtained possession before acquiring the legal title, from liability to account for rents upon redemption. It confers no right of entry upon a claimant under a void tax sale as against the lawful owner, nor does it relieve him of damages for detention, whether holding under a void certificate of purchase or a void tax deed.”

Id.

In this ease, Curry’s claim of a right of possession of the property arose from a void tax deed. Therefore, Curry did not lawfully obtain possession of the property within the meaning of § 40-10-131, and that statute does not act to prevent Mitchell from recovering the rent received by Curry during his possession of the property upon Mitchell’s redemption. Id.

Conclusion

Because Curry did not lawfully obtain possession of the property, § 40-10-131 does not protect him from being accountable to Mitchell for rent that Curry had received. Accordingly, we reverse the circuit court’s grant of Curry’s postjudgment motion and instruct the circuit court to reinstate its award to Mitchell of $16,646 for rent received.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P. J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. Section 40-10-133 provides, in pertinent part:
"When application is made to the Land Commissioner by any person to purchase lands in which such person had no interest, the Land Commissioner shall mail a notice in writing to the owner, or some person having an interest in such land, if his place of residence is known, or, if not known, then to the judge of probate of the county in which such lands are situated, informing him that such application has been made and fixing a reasonable time within which such owner or such other person having an interest in the lands may redeem the same.”

. Curry also claimed that the circuit court lacked jurisdiction over Mitchell's redemption action.
"Under Alabama law, after a parcel of property has been sold because of its owner’s failure to pay ad valorem taxes assessed against that property (see § 40-10-1 et seq., Ala.Code 1975), the owner has two methods of redeeming the property from that sale: ‘statutory redemption' (also known as ‘administrative redemption’), which requires the payment of specified sums of money to the probate judge of the county in which the parcel is located (see § 40-10-120 et seq., Ala.Code 1975), and 'judicial redemption’ under §§ 40-10-82 and 40-10-83, Ala. Code 1975, which involves the filing of an original civil action against a tax-sale purchaser (or the filing of a counterclaim in an ejectment action brought by that purchaser) and the payment of specified sums into the court in which that action or counterclaim is pending.”
First Props., L.L.C. v. Bennett, 959 So.2d 653, 654 (Ala.Civ.App.2006). A circuit court has jurisdiction over a "judicial redemption” action. See, generally, First Props., L.L.C., 959 So.2d at 654. Thus, the circuit court had jurisdiction over Mitchell's action to redeem the property.

. Section 40-10-131 provides, in pertinent part:
"Neither the purchaser, nor anyone claiming under him, who may have lawfully obtained possession of any real estate purchased at tax sales shall be liable upon the redemption of such real estate to account to the owner for any rents, issues, or profits during such possession, but as to such rents, issues, and profits he shall be held and considered the rightful owner of such real estate....”