MOORE, Judge,
dissenting.
I dissent to the denial of the application for rehearing because I believe that the application raises an argument that should be addressed by modifying this court’s opinion released on original submission.
*357 In his application for a rehearing, Leviene Curry argues that this court erred by holding that he possessed the property “by way of a tax deed.” See Mitchell v. Curry, 70 So.3d 353, 353 (Ala.Civ.App.2010). Curry states that he did not come into possession of the property by way of a tax deed but that, instead, he came into possession by way of a tax-sale certifícate. He correctly points out that § 40-10-74, Ala. Code 1975, provides that he was entitled to possession of the property upon receipt of the tax-sale certificate. Curry posits that, because he held a valid tax-sale certificate, his possession was lawful despite this court’s conclusion that the tax deed was void.
I note, however, that, as pointed out in this court’s opinion issued on original submission in Mitchell, supra, “former § 3119[, an identically worded predecessor statute to § 40-10-131, Ala.Code 1975,] did not exempt a purchaser [‘from liability to account for rents, issues, and profits “upon redemption” ’] when a tax sale was void,” 70 So.3d at 356 (quoting Abates v. Timbes, 214 Ala. 591, 592, 108 So. 534, 535 (1926)) (emphasis added). In the present case, the evidence indicated that the tax sale was void. Therefore, whether Curry obtained possession by way of a tax deed, as stated in this court’s opinion on original submission, or by way of a tax-sale certificate, as argued by Curry in his application for rehearing, is irrelevant to the disposition of this appeal.
Although I ultimately conclude that Curry’s argument is incorrect, I believe that this court’s opinion released on original submission should be modified to clarify that issue.