PER CURIAM.
This is an appeal by purchasers of real estate under a lease-sale contract, from a 'judgment of eviction obtained under § 35-9-80, Code 1975.
The .terms of the contract provided that vendor receive a sales price of $135,000, to be paid by purchasers as follows: (1) the assumption of an existing mortgage balance of $69,266.69 to Alabama Federal at $788.40 per month (2) the payment of the balance of $65,733.31 to vendor at $528.91 per month for fifteen years with one final balloon payment of $52,535.78.
The contract called for the delivery of a warranty deed by vendor to purchasers upon the payment of the entire purchase price. The contract also included default *610 and forfeiture provisions which provided that if purchasers defaulted under, the terms of the contract:
“[T]hen in the event of [default], [purchasers] shall forfeit all of their right, title and interest in and to said lands and the personal residence located thereon, and in and to this agreement and contract and shall thereafter become tenants at will of the said [vendor].
“Waiver of any default of the said [purchasers] by the said [vendor] shall not constitute waiver of any future or subsequent default on the part of [purchasers].”
Following a series of late payments or nonpayments, vendor declared purchasers in default and further declared the purchasers to be tenants at will under the terms of the contract. Vendor then brought this action in the District Court of Elmore County to terminate the tenancy at will.
On appeal, the circuit court, after trial de novo, entered judgment for vendor, and purchasers appealed.
Purchasers present two issues on appeal: (1) whether the trial court erred in finding purchasers to be in default under the terms of the contract and (2) whether the trial court erred in failing to apply the doctrine of equitable estoppel to preclude a forfeiture of purchasers’ interests in the property under the terms of the contract and the circumstances of this case.
Vendor, by cross-appeal, contends the trial court erred in not rendering a money judgment in favor of vendor after having determined that purchasers had in fact defaulted under the contract.
The trial judge, at final hearing, referred to this case as a legal and factual “quagmire.” With that assessment and her final judgment, we concur. It is our further opinion that the substantial confusion surrounding the status of both debts owed by purchasers could have been easily avoided had the purchasers systematically discharged their payment obligations in a businesslike manner. Purchasers’ payment history over a period of several months was punctuated by late payments, nonpayments, and dishonored checks.
The trial court’s final judgment contained rather specific findings of fact and conclusions of law, which we need not fully set out. Suffice it to say that the trial court specifically found appellants to have defaulted under the terms of the contract by failing to make the October and November 1986 payments to the vendor; and that equitable estoppel should not be applied to preclude the forfeiture of purchasers’ interests.
The record clearly supports the trial court’s findings and conclusions with respect to both factual issues of default and equitable estoppel. On the issue of default the evidence was clear and convincing and was therefore more than adequate to support the finding.
As to the issue of equitable estoppel, our supreme court said in Auto-Plaza, Inc. v. Central Bank, 394 So.2d 6 (Ala.1980):
“Ordinarily, then, the applicability vel non of the equitable estoppel doctrine is a fact issue. Like other issues of fact, it may be reduced to a question of law, if the evidence adduced is not susceptible to different reasonable inferences; i.e., the fact finder is precluded from making a factual determination of whether estop-pel exists in a particular case only where the evidence, or any reasonable inference therefrom, fails to furnish a scintilla in support of its application. Draughon v. General Finance Credit Corp., 362 So.2d 880, at p. 884 (Ala.1978), states:
“ ‘Because the doctrine of estoppel is for the protection of innocent persons, it is essential that the party claiming the benefit of estoppel does not predicate his claim on his own dereliction of duty or wrongful conduct.
“ ‘Where a party seeks an equitable remedy, such as equitable estoppel, the party’s conduct must reflect the maxim of “clean hands,” for any uncon-scientious conduct arising out of the subject matter of the suit will bar their action. Anders v. Sandlin, 191 Ala. 158, 67 So. 684 (1914).’ ”
Certainly the purchasers’ chronic failure to comply with the payment schedule was a circumstance which the trial *611 court properly considered in failing to apply the principle of equitable estoppel. Moseley v. Lathan, 448 So.2d 341 (Ala.1984).
Where there is credible evidence supporting the trial court’s judgment, and it is not manifestly unjust or unreasonable, the judgment must be upheld. Alabama Power Co. v. Martin, 341 So.2d 695 (Ala.1977); Hartford Accident & Indemnity Co. v. Oglesby, 293 Ala. 620, 308 So.2d 695 (1975).
The remaining issue, raised by vendor on cross-appeal, concerns the trial court’s failure to award money damages to vendor, even though the trial court found purchasers in default under the terms of the contract. We note that the trial court, in accordance with Rule 54(b), Alabama Rules of Civil Procedure, made the October 31, 1988 judgment final for purposes of the vendor’s claim on the default and for the purchasers’ counterclaim only. The issue raised by the cross-appeal of the vendor’s claim for money damages has not yet been adjudicated.
For the foregoing reasons, the judgment of the trial court is due to be, and it is, affirmed.
AFFIRMED.
All the judges concur.